[No. 10,427.]
## PEOPLE *v.* AH CHUNG.

CRIMINAL LAW.—INDICTMENT.—A ruling of the Court below, refusing to set aside the indictment, approved—the evidence being conflicting.

ID.—JURY.—The action of the Court in overruling a challenge to the panel, upon the grounds stated in the opinion, also approved.

ID.—JUROR.—Upon a challenge of the District Attorney to a juror, the latter said, on his examination, that he would not convict on circumstantial evidence. *Held,* that the challenge was properly sustained.

ID.—INSTRUCTIONS.—EVIDENCE —Where independent facts and circumstances are relied upon to identify the accused as the person who committed the crime charged, each material independent fact or circumstance necessary to complete the chain or series of independent facts tending to establish a presumption of guilt, should be established to the same degree of certainty as the main fact. *Held,* accordingly, that such an instruction asked by defendant was correct; but—the Court having already give an equivalent instruction—*held,* that it was not necessary to state the law more than once, and that it was therefore not error to refuse it.

APPEAL from a judgment for the plaintiff, in the District Court, County of Santa Barbara.

The facts are stated in the opinion.

*Richards & Boyce,* for Appellant.

In bank, MORRISON, C. J.:

The defendant and appellant was tried and convicted of the crime of murder in the first degree, the jury fixing the pun-

ishment at imprisonment in the State Prison for life. On this appeal several grounds of error are assigned, upon which we are asked to reverse the judgment of the Court below.

The *first* error assigned is the refusal of the Court to set aside the indictment. The defendant being brought up for arraignment, moved the Court to set aside the indictment for the following reasons:

" First—That said indictment was not found, indorsed, and presented as prescribed by the Penal Code of the State of California.

" Second—That one Ching Yug, a Chinaman, and one Baugh, a Chinaman, and another Chinaman to this defendant unknown, were examined as witnesses before the grand jury which found said indictment against this defendant, and the names of said witnesses are not inserted at the foot of said indictment, nor indorsed thereon, nor is the name of either of said witnesses inserted at the foot of said indictment, or indorsed thereon.

" Third—That certain persons were permitted to be present during the session of the grand jury, and certain persons were permitted to be present before said grand jury when the charge embraced and described in said indictment was under consideration, to wit, Chin Yug, a Chinaman, Baugh, a Chinaman, and another Chinaman whose name is unknown to this defendant; and said persons were not, nor was either of them, the Judge of the Court giving advice to the grand jury, nor the District Attorney of said Santa Barbara County, nor a member of the grand jury, nor a witness under examination."

Section 995 of the Penal Code provides that an indictment must be set aside by the Court in which the defendant is arraigned in the cases above specified; and the only inquiry, therefore, is, Were the grounds or specifications, or either of them, sustained by the evidence? The matter involved in the foregoing objections was fully examined by the District Court; and, after hearing the evidence of the District Attorney and fourteen of the grand jurors, defendant's motion to set aside the indictment was denied: the order denying said motion reciting that " the Court, being fully advised in the premises, finds that said indictment was found, indorsed, and presented

as prescribed by the Penal Code; that the names of the witnesses examined before the grand jury were properly inserted at the foot of the indictment; that no persons were permitted to be present during the examination of the charge or the finding of the indictment, except such as might lawfully be present."

We have carefully examined the evidence on the points made, and find the same very conflicting. It is sufficient to say here, that the findings of the Court are fully sustained by the evidence of numerous witnesses, and possibly by a preponderance of evidence taken, on the hearing of the motion. There was therefore no error in denying defendant's motion to set aside the indictment.

*Second.*—The next error is predicated upon the following order of the District Court: "No term jury having heretofore been drawn and summoned at the present term of the Court, and it now appearing that such a jury will be required, it is now hereby ordered that the names of thirty-six persons be forthwith drawn from the jury-box, and that the jurors so drawn be summoned to appear at this court-room on Monday, April 28th, 1879, at 10 o'clock A. M., to serve as trial jurors." In pursuance of the above order, the County Clerk and Sheriff, after due notice, proceeded to draw from the jury-box the names of thirty-six jurors, to serve as trial jurors for the March term of said District Court, and the names of said trial jurors were duly returned by the County Judge, Sheriff, and County Clerk, to said County Court. Of the thirty-six persons so drawn from the jury-box, thirty-three were duly summoned by the Sheriff, and answered to their names; whereupon the defendant interposed a challenge to the panel on the following grounds:                                    •

"1st. That there was no order for said jury made and filed with the Clerk of the County of Santa Barbara before the commencement of the March term of said District Court.

"2nd. That the Clerk of said Court did not notify the County Judge of Santa Barbara County of the time appointed for said alleged drawing, and that the County Judge did not attend at the County Clerk's office to witness such drawing, and said

drawing was not adjourned until the next day as required by law.

" 3rd. The drawing of said jurors was not conducted by the Clerk of said Santa Barbara County, and no minute was kept by any one of said attending officers. That the names of the following persons were drawn at said drawing, and that each of said persons had permanently removed from said Santa Barbara County, to wit, George Ben, J. C. Edwards, and Le Flint, and that there was no entry of such fact made in the minutes of said drawing, and no additional names were drawn in their place; and the whole number of jurors ordered by the Court, to wit, thirty-six, were not drawn, nor have they appeared; and that the minutes of the drawing were not signed by the Clerk of said county, nor the attending officers or persons." The said challenge having been argued and submitted, was overruled by the Court, and defendant duly excepted.

The objection that no order was made for the jury before the commencement of the term is not well taken. Section 226 of the Code of Civil Procedure makes provision for such a case. " Whenever jurors are not drawn and summoned to attend any court of record, or a sufficient number of jurors fail to appear, such court may, in its discretion, order a sufficient number to be forthwith drawn and summoned to attend the court."

The next objection, that " the Clerk did not notify the County Judge of the drawing, nor did he attend," is not sustained by the transcript, as it appears from the transcript that the County Judge was present when the names of the jurors were drawn.

The third objection, that three of the jurors had permanently removed from the county, is immaterial. Indeed, there is no evidence of that fact except the return of the Sheriff that they could not be found in his county; and it is not pretended that the officers who drew the names of these jurors from the box had knowledge of their removal, if, in fact, they had previously removed from the county.

*Third.*—The third exception found in the transcript, is taken to the ruling of the Court sustaining the peremptory challenge of the District Attorney to the juror Brown. The juror was interrogated as follows:

" *Question.*—Have you any such opinion or conscientious scruple as would preclude you from finding the defendant guilty in a case where the death penalty might be inflicted?

" *Answer.*—I should not hang a man unless the proof was very positive, and it was a grave case.

" *Question.*—As I understand you,·you would not have the death penalty inflicted in a case of circumstantial evidence?

" *Answer.*—I would not.

" *Question by the Court.*—Did I understand that you did entertain conscientious scruples in regard to the infliction of the death penalty?

" *Answer.*—My answer was that I would not hang a man unless the proof was positive, and it was a very grave case.

" *Question.*—That is to say, you would require direct evidence of the commission of the offense to convict the defendant? Even if the testimony fairly showed by circumstances, you would be precluded from finding a verdict of guilty where the penalty might be death?

" *Answer.*—Yes, sir."

It clearly appears from the examination of the juror that he would not convict, in a capital case, on circumstantial evidence; and we think that the challenge was properly sustained. There are many cases in which the evidence on the part of the prosecution is entirely circumstantial, and to hold that a party is a competent juror who will not convict on such evidence, would in many cases defeat the ends of justice.

*Fourth.*—The fourth assignment of error found in the transcript is based upon the refusal of the Court below to give the following instruction asked for by the defendant:

" When independent facts and circumstances are relied upon to identify the accused as the person who committed the crime charged, and taken together are regarded as a sufficient basis for a presumption of his guilt to a moral certainty, or beyond a reasonable doubt, each material independent fact or circumstance necessary to complete such chain or series of independent facts tending to establish a presumption of guilt, should be established to the same degree of certainty as the main fact which these independent circumstances taken together tend to establish.

That is to say, each essential independent fact in the chain or series of facts relied upon to establish the main fact must be established to a moral certainty, beyond a reasonable doubt, and to the entire satisfaction of the jury, or they must acquit."

It was held by this Court in the case of *People* v. *Phipps*, 39 Cal. 326, that the above instruction is a correct statement of the law as the same is applicable to circumstantial evidence in criminal cases; and it was, therefore, error in the Court to refuse it, unless it was substantially given in the charge or in some other instruction.

In the case of *People* v. *Murray*, 41 Cal. 66, it was held, that as defendant's first instruction was substantially given in the charge of the Court, its refusal was not erroneous; and in the late case of *People* v. *Varnum*, 53 Cal. 630, the Court say: " The instructions which the Court refused to give at the request of the defendant, were fully covered by the charge of the Court, so far as they correctly stated the law applicable to the case "; and the judgment was affirmed.

It only remains, therefore, in this connection, for us to determine whether the instruction which the Court refused to give was substantially covered by the charge of the Court, or by another instruction which was given to the jury. It was upon this ground that the Court put its refusal to give instruction number ten.

It may be remarked here, that as a general rule it is not the duty of the *nisi prius* court to state the law to the jury more than once, neither is it the duty of such court to make the closing argument in behalf of the defendant in a criminal case, by giving a multiplicity of instructions, slightly varied in phraseology, but amounting to the same thing in substance. It is the duty of the court to deal fairly with the defendant, and to that end it should state the principles of law applicable to the case clearly, distinctly, and intelligibly; and when that has been done, the court has fully discharged its duty.

The charge of the Court in this case was full, clear, and correct; and, independent of that, numerous instructions were given at the instance and request of the defendant, one of which, the fifth, is in the following language: " Each circum-

stance essential to the conclusion of the defendant's guilt should be fully established in the same manner and to the same extent as if the whole issue rested upon it. You must be satisfied that each link in the chain of circumstances essential to that conclusion sought to be established by the prosecution, has been fully proved beyond a reasonable doubt and to your entire satisfaction; otherwise, you must acquit."

This was a clear and intelligible statement of the rule, and, taken in connection with other instructions given, fully and fairly presented to the jury the law of the case by which they were to be governed.

Judgment and order affirmed.

MYRICK, J., McKEE, J., SHARPSTEIN, J., THORNTON, J., ROSS, J., and McKINSTRY, J., concurred.