[Sac. No. 1474.   Department One.—July 22, 1907.]

FRANK VALENTE et al., Respondents, v. SIERRA RAIL-WAY COMPANY OF CALIFORNIA, Appellant.

NEGLIGENCE—RAILROADS—INJURY TO PASSENGER—DEGREE OF CARE RE-QUIRED OF CARRIER—INSTRUCTIONS.—In an action against a railway company to recover damages for personal injuries to a passenger resulting from a collision caused by the defendant's alleged negligence, an instruction as to the degree of care required of the defendant, to the effect that in order to absolve itself from liability it must establish "that such collision was caused by or resulted from some inevitable casualty or unavoidable accident or cause beyond human care or foresight to prevent," is the equivalent, and no more than the equivalent, of the rule enacted in section 2100 of the Civil Code, requiring a carrier of passengers to use the "utmost care and diligence for their safe carriage," and is a correct statement as to the degree of care required of the carrier.

ID.—BURDEN OF PROOF OF NEGLIGENCE—PREPONDERANCE OF EVIDENCE—INSTRUCTIONS.—In such action, where the defendant simply denied its negligence, an instruction that in order to absolve itself from liability it must show *by a preponderance of evidence* that it was not negligent, or that it used the utmost care and diligence, is erroneous. Although in such an action a *prima facie* case is made by the plaintiff by proof of the happening of the accident, the burden of proof still remains with him throughout the entire trial to show, upon the entire evidence, and by a preponderance thereof, the fact of the defendant's negligence. Such instruction shifts the burden of proof to the defendant, whereas, in order to be absolved from liability, it has only to make such a showing of the exercise of the care required of it by the law as to leave the evidence upon the issue of negligence in such condition that the jury cannot conclude that the negligence has been satisfactorily established by a preponderance of the evidence.

ID.—TABLES OF LIFE EXPECTANCY—JUDICIAL NOTICE—EVIDENCE.—Courts take judicial notice of the standard tables of life expectancy, and such a table which is satisfactory to the trial court is admissible in evidence without preliminary proof as to its authenticity and reliability.

ID.—DAMAGES FOR DEATH OF WIFE AND MOTHER—INSTRUCTIONS.—In an action to recover damages for the death of a woman, brought by her surviving husband and children, the admission of evidence as to the life expectancy of the plaintiffs, as shown by such a table, is without prejudice, provided the jury is clearly instructed that it cannot in any event award damages to either of them for any period extending beyond the probable time of the life of the deceased.

ID.—DUTY TO USE BEST SAFETY APPLIANCES—INSTRUCTIONS.—In this action an instruction that "Railroad companies engaged in the transportation of passengers for reward are bound to use the best precautions, in practical use, to secure the safety of their passengers," while perhaps too broad a statement as an abstract proposition, was not prejudicially erroneous, in view of the evidence given upon the trial.

APPEAL from a judgment of the Superior Court of Tuolumne County and from an order refusing a new trial. L. W. Fulkerth, Judge presiding.

The facts are stated in the opinion of the court.

S. D. Woods, J. C. Campbell, and F. W. Street, for Appellant.

Nicol & Orr, F. P. Otis, and J. F. Rooney, for Respondents.

ANGELLOTTI, J.—On June 25, 1904, a collision occurred
on the railroad of defendant corporation, between a passenger-
train and a work-train, in which Marie Valente, a passenger
on the passenger-train, was killed. This is an action by her
surviving husband and children for the damages resulting to
them from her death, due, it is claimed, to the negligence of
defendant. The trial was by jury, and a verdict for twelve
thousand dollars damages was given. The defendant appeals
from the judgment entered thereon, and from an order deny-
ing its motion for a new trial.

The complaint alleged the happening of the collision and
the death of Mrs. Valente resulting therefrom. These allega-
tions were admitted by defendant in its answer. The com-
plaint further alleged: "That said collision was caused by
and resulted from the carelessness and negligence of said de-
fendant, and its servants and agents, in the management and
operation of its said train, and the death of said Marie Va-
lente was caused by and resulted from the said carelessness
and negligence of said defendant, and its servants and agents
in the management and operation of its said train." These
allegations were denied by the answer, which further alleged
as follows: "On the contrary, said defendant alleges: That
said collision and the death of said Marie Valente therefrom
was and were caused by and resulted from inevitable accident,
without any fault or negligence on the part of the said defend-
ant, or of its servants or agents, in any way whatsoever."
Upon the trial, evidence was introduced by the defendant to
meet the *prima facie* case of negligence made by the showing
of the accident. The collision occurred on a very heavy grade,
the work-train, consisting of an engine, an oil-car about half
filled with oil, and several flat cars, going down this grade
and running into the rear of the passenger-train. There was
evidence tending to show that the work-train was properly
equipped and in first-class order, and that the train hands
carefully managed the same, and that the accident was due
to the fact that the oil-car had sprung a leak, allowing oil
therefrom to drip upon the rails, with the result that the
train could not be stopped. It is not intimated by plaintiff
that the evidence would not have supported a conclusion by
the jury that the defendant was free from negligence. Under
these circumstances the trial court, after instructing the jury

that by reason of the admission as to the collision and the death of Mrs. Valente therefrom a presumption arose that the accident resulted from defendant's negligence, and that, in order to rebut such presumption, defendant must show that the collision resulted from some inevitable casualty or unavoidable accident, or from some cause which human care and foresight could not have prevented, instructed the jury as follows: "The burden of showing that the collision occurred by no fault of the defendant and from some inevitable casualty or unavoidable accident or cause beyond the power of human care or foresight to prevent is on the defendant. *In order to absolve itself from liability from any loss, which may appear from the evidence to have been occasioned by such collision, it must establish by a preponderance of the evidence that such collision was caused by or resulted from some inevitable casualty or unavoidable accident or cause beyond human care or foresight to prevent.*" The court nowhere instructed or intimated to the jury that, upon the whole case, the burden was upon the plaintiffs to establish the truth of their allegation of negligence by a preponderance of evidence.

Complaint is made that these instructions charged defendant with a degree of care entirely unwarranted. This matter was very fully considered by this court in the recent case of *Kline* v. *Santa Barbara etc. Ry. Co.*, 150 Cal. 741, [90 Pac. 125], and decided against the contention of defendant. It was shown in the opinion that as to the particular matter under discussion it was thoroughly established by our decisions that the language of such instructions was "the equivalent and no more than the equivalent of the rule" enacted in section 2100 of the Civil Code, requiring a carrier of passengers to use the "utmost care and diligence for their safe carriage," and was a correct statement of the rule of law applicable in such cases. The criticism that the words "beyond the power of human care or foresight to prevent" and "cause beyond human care or foresight to prevent" might be construed as meaning that although the carrier had used the utmost care and diligence, he would still be liable if after the accident it appeared that it could have been avoided by a precaution which a very cautious person, not knowing that the accident was about to occur, would not have taken, was also made in that case. The court there, recognizing the true rule to be

that the question as to whether the carrier has exercised the proper care and diligence is to be determined in view of the facts and circumstances which existed prior to the accident, declared, in reply to this objection: "It cannot be error, therefore, for a trial court, in submitting a case of this kind to the jury, to state the rule in its approved form, and, if counsel have reason to fear that the jury may understand the rule so expressed as requiring more than the utmost caution of very cautious persons, in view of the circumstances known or imputed to the knowledge of the carrier before the accident, they have the right to propose an instruction embodying the proper qualifications."

We can, however, find no valid answer to another objection made by defendant to the portion of these instructions that we have italicized. By it the jury was clearly instructed that the defendant must show by *a preponderance of evidence* that it was *not* negligent, or, in other words, that it used the utmost care and diligence, in order to avoid a recovery of the damages resulting to plaintiffs from the death of Mrs. Valente. *This also was the plain effect of all the instructions taken together.* Such is not the law.

In any action for damages resulting from negligence it is essential to the statement of a cause of action that negligence on the part of the defendant be alleged, and if the allegation be denied it must be proved by the plaintiff by a preponderance of the evidence. The affirmative of such an issue is primarily upon the plaintiff. This is elementary law, and of course it is not disputed by learned counsel for plaintiffs. Their contention in support of such instruction rests upon the well-settled doctrine, stated in Shearman & Redfield on Negligence (sec. 59) as follows: "When a thing which causes injury is shown to be under the management of the defendant, and the accident is such as in the ordinary course of things does not happen, if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from a want of care." In accord with this doctrine, it is the rule in this state that when such an accident is shown by the plaintiff, or admitted by the pleadings, for there can be no difference in effect between the establishment of the fact by evidence on the trial and the admission of that fact by the

pleadings, a *prima facie* case of negligence on the part of the
defendant is made, which is sufficient to call upon the defend-
ant to show the exercise of the requisite care, and thus offset
the presumption of negligence arising from the happening of
the accident. This presumption, however, is simply evidence
in the case, having no greater or different effect than the
evidence of witnesses showing negligence would have, and
in no degree changes the rule as to the burden of proof, in
the strict sense of that phrase,—viz. the burden of producing
a preponderance of evidence. That burden does not shift
from side to side in the trial of a case, but constantly remains
with the party having the affirmative of the issue, who, in an
action for damages for negligence, is the plaintiff. Instruc-
tions declaring that when such an accident is shown the
"burden of showing" want of negligence is on the defendant
do not mean, according to the decisions of this state, that the
defendant is compelled to show want of negligence by a
preponderance of evidence. The term "burden of showing"
or "burden of proof" used in that connection, signifies simply
the burden of meeting the *prima facie* case made by the
plaintiff. This is the only theory upon which such instruc-
tions can be held to be free from error, unless we are to hold
that the well-settled rule as to the burden of proof being on
the party who has the affirmative of the issue has no applica-
tion in the one case of an action for damages for negligence,
where the damage results from an accident to a thing under
the management of the defendant, and the accident is such
as in the ordinary course of things does not happen if those
who have the management use proper care. It is eminently
proper to hold that such a showing affords presumptive evi-
dence of negligence, but it would be illogical and contrary to
our well-established practice to hold that any kind of an
evidentiary showing made by the party holding the affirmative
of an issue in support of his claim, however strong such
showing may be, throws upon the other party the burden of
doing anything more than producing evidence enough to
offset the effect of the plaintiff's showing. When a defend-
ant has made such a showing as to the exercise of the care
required of him by the law as to leave the evidence upon
the issue of negligence in such condition that the jury cannot
conclude that the negligence has been satisfactorily shown, he

has met the requirements of the law, and the verdict must be against the plaintiff. The rule in this regard is no different in the case of a carrier of passengers from the rule applicable to defendants of whom a lesser degree of care is required. The only difference between these classes of defendants is as to the amount of care required, the carrier of passengers being guilty of negligence as to a passenger if he fails to use the "utmost care and diligence."

The rule, as stated by us, is fully recognized and established by our decisions. The case of *Scott* v. *Wood*, 81 Cal. 398, [22 Pac. 871], was an action upon a contract, but, in view of an instruction to the jury to the effect that the defendant was required to have a preponderance of testimony upon a certain issue, owing to a presumption of evidence following a showing made by the plaintiff, which instruction was held erroneous, it is directly in point. It is pointed out in the opinion that the term "burden of proof" is used in different senses, sometimes being used to signify the burden of making or meeting a *prima facie* case, and sometimes the burden of producing a preponderance of evidence, and it was shown that where it is used in the former sense it means no more than that it is incumbent on the party against whom the *prima facie* case has been made to make such a showing that upon the whole case there is not a preponderance of evidence in favor of plaintiff's allegation of negligence. In *Kahn* v. *Triest-Rosenberg Cap Co.*, 139 Cal. 340, [73 Pac. 164], a case where the accident, which was admitted, made a *prima facie* case of negligence, it was held that instructions to the effect that the burden to prove lack of care and to prove negligence is on the plaintiff throughout the case, and that plaintiff must show the same by a preponderance of evidence, were correct statements of the law, and not in conflict with the other instruction as to the effect of the admission as to the happening of the accident. It was said that the contention of the defendant was founded upon a failure to perceive the effect of the presumption as evidence. The court further said: "This presumption is itself evidence in the case, and it does not change the rule as to the burden of proof. It is merely the evidence by which the plaintiffs undertook to establish the fact which they were bound to prove. It still remained the law that, upon the whole evidence, the plaintiffs

must have the preponderance in order to succeed." In *Cody*
v. *Market Street Ry. Co.*, 148 Cal. 90, [82 Pac. 666], a
passenger-carrier case, it was held that an instruction to the
effect that the presumption of negligence arising from proof
of the accident and consequent injury threw upon the carrier
the burden of showing want of negligence did not require
the carrier to show want of negligence by a preponderance of
evidence, but only to make such showing "as will leave the
jury, with all the evidence before it, unsatisfied as to whether
there was negligence on defendant's part." It was also there
declared that in such a case it was necessary for the plaintiff
to prove negligence by a preponderance of evidence. In
*Patterson* v. *San Francisco etc. Co.*, 147 Cal. 178, [81 Pac.
531], also a passenger-carrier case, the questions here involved
were exhaustively discussed. It was held that instructions
to the effect that on the issue of negligence the plaintiff has
the affirmative of the issue and must prove such negligence
by a preponderance of evidence, and that any presumption
arising from the accident need not be overcome by a pre-
ponderance of evidence, and that if the railroad company
introduced "sufficient evidence simply to balance such pre-
sumption without overcoming it by a preponderance of evi-
dence, the presumption is overcome," were correct. (See,
also, *Kay* v. *Metropolitan etc. Co.*, 163 N. Y. 447, [57 N. E.
751].)

The cases cited by learned counsel for plaintiffs contain
nothing opposed to the views we have stated, with the single
exception of the case of *Bush* v. *Barnett*, 96 Cal. 202, [31
Pac. 2], a Department case. Here the court upheld an in-
struction that the proof of plaintiff that she had been injured
"would cast upon the defendant the burden of proving that
the injury was occasioned by inevitable casualty, or by some
other cause which human care and foresight could not pre-
vent." This instruction, as we have seen, was correct, and
did not throw upon defendant the necessity of proving want
of negligence by a preponderance of evidence. The court
in discussing it, however, said that the defense that the injury
resulted from some unavoidable accident, or from some cause
beyond the power of human care or foresight to prevent, was
an affirmative one, which the rule as to the burden of proof
requires him to establish by a preponderance of evidence, as

in any other affirmative defense. This statement was erroneous, and in conflict with every decision of this court on the subject. Other cases cited are those where the defense was clearly and strictly an affirmative defense, and it was held simply that the burden is on the defendant to prove new matter alleged as an affirmative defense, which, of course, is the law. Here there was not, and could not be, any affirmative defense on the issue of negligence. Negligence on the part of defendant was alleged, as it had to be in order that a cause of action be stated. If plaintiff had alleged simply the collision and consequent death of Mrs. Valente, without any allegation of negligence, there would be no claim that the complaint was sufficient. Defendant simply denied the allegation of negligence. What it said in addition as to inevitable accident, etc., was merely supplemental to the denial and superfluous, and in no degree impaired the effect of the denial. It was not the statement of an affirmative defense.

We cannot say as a matter of law that this instruction was not prejudicial to defendant. It follows that the judgment and order must be reversed on account thereof.

Several other points are made for a reversal, but they require very little notice for the purposes of a new trial.

The question as to the admission of a table of life expectancy without preliminary proof as to its authenticity and reliability appears to be decided against defendant's contention by the case of *Keast* v. *Santa Ysabel etc. Co.*, 136 Cal. 256, 259, [68 Pac. 771], where it is held that the court may admit any table satisfactory to it, requiring or not requiring preliminary proof, depending upon whether of its own knowledge it is satisfied, or whether it desires evidence to satisfy itself of the authenticity of the table. This ruling is, of course, founded upon the theory that the courts take judicial notice of the standard tables. (20 Am. & Eng. Ency. of Law, 2d ed., p. 886.)

We can see no injurious effect in the admission of evidence as to the life expectancy of the beneficiaries as shown by such a table, provided the jury is clearly instructed that it cannot in any event award damages to any one for any period extending beyond the probable term of the life of the deceased. As damages cannot be awarded any particular beneficiary for any period extending beyond such beneficiary's life, it is

proper that such beneficiary should be allowed to show that his expectancy of life is as great as that of the deceased, just as the defendant, on the other hand, would be allowed to show that the life expectancy of the beneficiary is less than that of the deceased. (See *Redfield* v. *Oakland etc. Co.,* 110 Cal. 277, 287, [42 Pac. 822].)

The instruction that "Railroad companies engaged in the transportation of passengers for reward are bound to use the best precautions, in practical use, to secure the safety of their passengers," is perhaps too broad a statement, as an abstract proposition. The rule as stated in *Treadwell* v. *Whittier,* 80 Cal. 593, [13 Am. St. Rep. 175, 22 Pac. 266], cited by plaintiffs, is that such companies are bound to use the best precautions in *known* practical use. This does not mean that such use must, in fact, have been known to a particular defendant, but simply that it must have been such that it would have been known to any company exercising the utmost care and diligence in keeping abreast with modern improvement in the matter of such precautions. We can conceive of cases where a precaution may have been in practical use to such a limited extent that it would not have become known as an improvement to those exercising the utmost care and diligence in this behalf, and in such cases the instruction would be erroneous. Under the evidence given upon the trial, this was not such a case, and the instruction was therefore not prejudicially erroneous. We have considered it necessary to point out the error therein solely for the purpose of a new trial, in view of the possibility that on such a new trial the matter may be material.

We find no other matter requiring discussion.

The judgment and order denying a new trial are reversed.

Shaw, J., and Sloss, J., concurred.