[L. A. No. 5044. In Bank.—October 26, 1920.]

# CHARLES H. ADKINS, Respondent, v. ALBERT H. BRETT, Appellant.

[1] ALIENATION OF AFFECTIONS — EVIDENCE — IMPROPER RELATIONS WITH WIFE—STATEMENTS OF DEFENDANT.—In an action for alienation of a wife's affections, statements of the defendant as to his improper relations with the wife are admissible against him.

[2] ID.—CONFLICT OF EVIDENCE—TRUTH—QUESTION FOR JURY.—In an action for alienation of affections of a wife, where the evidence is conflicting, the determination of the truth is a question for the jury.

[3] EVIDENCE — COMPETENCY OF DECLARATIONS.—The competency of evidence of declarations or statements by a person other than the party to the action against whom they are introduced is not affected merely by the latter's presence or absence.

[4] ID.—MENTAL AND BODILY FEELINGS—DECLARATIONS—EXCEPTIONS TO HEARSAY RULE.—When the intention, feelings, or other mental state of a certain person at a particular time, including his bodily feelings, is material to the issues under trial, evidence of such person's declarations at the time indicative of his then mental state, even though hearsay, is competent as within an exception to the hearsay rule.

[5] ALIENATION OF AFFECTIONS—EVIDENCE—STATEMENTS OF WIFE IN ABSENCE OF DEFENDANT—ADMISSIBILITY.—In an action for alienation of a wife's affections, evidence of conversations between the plaintiff and his wife indicative of her then feelings toward him is admissible, although made in the absence of the defendant, for the purpose of proving the wife's then state of feelings.

[6] ID.—INCOMPETENCY OF STATEMENTS TO PROVE OTHER MATERIAL MATTERS—ADMISSIBILITY UNAFFECTED BY.—In an action for alienation of a wife's affections, evidence of statements made by the wife indicative of her then feelings toward her husband and the defendant and competent to prove her feelings is not rendered incompetent because of the fact that the statements also contain material matters not provable by such evidence.

[7] ID.—SCOPE OF EVIDENCE—INSTRUCTION—RIGHT OF DEFENDANT.— In an action for alienation of a wife's affections, where evidence is admitted of statements made by the wife for the purpose of proving her feelings toward her husband and the defendant, and such

---

1. Admissibility of statements or declarations of plaintiff's spouse concerning act or conduct of defendant in action for alienation of affections, note, 4 A. L. R. 497.

statements also narrate or mention matters which the statements are not competent to prove and which if true are exceedingly prejudicial to the defendant, the defendant is entitled to a direct, positive, and unqualified instruction that the jury must not consider such evidence as proof of the matters narrated, but only for the purpose of showing the feelings of the wife.

[8] ID.—STATEMENTS BY WIFE—CONSIDERATION BY JURY—ERRONEOUS INSTRUCTION.—In an action for alienation of a wife's affections, an instruction that the court would not instruct the jury as to what had been proven or not been proven, and that they were the sole judges of the value and effect of the evidence, but it was well for them to bear in mind that evidence of statements made by the wife to the plaintiff in the absence of defendant as to her relations with the defendant was admitted for the purpose of showing the relations between plaintiff and his wife, is not responsive to the request of defendant for an instruction properly limiting the consideration of such evidence.

APPEAL from a judgment of the Superior Court of Los Angeles County. Paul J. McCormick, Judge. Reversed.

The facts are stated in the opinion of the court.

I. Henry Harris and Charles A. Bank for Appellant.

Duke Stone and H. E. Wassell for Respondent.

OLNEY, J.—The action involved in the present appeal is one for damages for the alienation by the defendant of the plaintiff's wife. The cause was tried before a jury, a verdict was returned for the plaintiff, and from the judgment entered upon the verdict the defendant appeals.

The first point made on behalf of the defendant is that the verdict is not supported by the evidence. No question is made but that the evidence supports the conclusion that the husband had lost the affection of his wife, as a result of which she insisted upon a separation, or, if the testimony on behalf of the plaintiff be believed, as it must be taken it was by the jury, that acts of criminal conversation had taken place between the plaintiff's wife and the defendant. The particular in which it is claimed the evidence is insufficient is, according to counsel's contention, that it does not show that the defendant lured and enticed the plaintiff's wife from her husband, was her seducer, so to speak. Passing by

the question as to whether or not evidence of adultery by a
wife not shown to have theretofore lost her affection for her
husband is not sufficient of itself to justify an inference of
active seduction on the part of the man involved, it is suffi-
cient for the purposes of this case to say that there was evi-
dence of statements by the defendant to a male companion
by the name of Tucker made the day after a call by the two
upon the wife as to what had taken place the night before,
which, if true, justified the conclusion that the defendant
was the active aggressor against the wife's resistance on the
occasion when first they had criminal intercourse. It is only
fair to say that the making of the statements was denied
by the defendant, as was any guilty relation whatever on'
his part with the wife, and that the witness Tucker appears
in anything but a creditable light. [1] But evidence of
the statements by the defendant was competent against him
as admissions by him, and we cannot say that the jury was
not justified in believing the evidence. It should also be said
that there was considerable corroboration. The case is not
one of a want of evidence in any particular, but of a flat con-
flict of evidence in nearly every particular, with gross perjury
on one side or the other. [2] Where the truth lay, it was
for the jury to determine.

The serious questions in the case arise in connection with
the admission of evidence of conversations between the plain-
tiff and his wife, wherein the latter admitted or stated that
she had gone automobile riding with the defendant, had dined
with him, had received flowers from him, that he was able
to give her a good time and the plaintiff was not, that she
intended to continue to accept the defendant's attentions and
the plaintiff could do what he pleased about it, and that he
was distasteful to her.

One objection to the evidence of these conversations, which
may as well be disposed of at the outset as involving the
most elementary principles of evidence, is that they were had
without the presence of the defendant. The answer to this
objection is that it is wholly immaterial whether the defend-
ant was present or not. [3] The competency of evidence
of declarations or statements by a person other than the party
to the action against whom they are introduced is not affected
merely by the latter's presence or absence. If the evidence be
not competent if the party against whom it is sought to intro-

duce it was not present when the statements or declarations were made, no more is it competent if he were present. There are apparent exceptions to this, but they are only apparent and not real exceptions. One instance is that when the party to the litigation was present and his conduct in response to the declarations or statements of others or his replies to them are of such character as to amount to admissions by him, his conduct, including his silence or want of action where an inference can fairly be drawn from them, or his replies, may be shown in evidence against him, and as a part of such conduct or replies the statements or declarations of others to which they are a response. But the primary thing which is admitted in evidence in such a case is the party's own conduct or statements, and, unless these are of such a character as to be relevant evidence against him, the declarations or statements of others are not admissible simply because made in his presence. Another instance is where it is sought to charge a party with notice or knowledge, and for that purpose evidence is introduced of a statement made to him notifying or informing him.

The real objection to such evidence as that under consideration is that it is hearsay. The evidence was plainly relevant, that is, it tended to prove matters in issue, and was, therefore, admissible unless there is some rule of exclusion applicable to it. The only rule of exclusion to which it can be subject is the rule against hearsay. The evidence was, in fact, hearsay, both as to the past matters stated in the conversations and as to the wife's statements of her then feelings toward the plaintiff and the defendant. [4] But the rule is thoroughly well settled that when the intention, feelings, or other mental state of a certain person at a particular time, including his bodily feelings, is material to the issues under trial, evidence of such person's declarations at the time indicative of his then mental state, even though hearsay, is competent as within an exception to the hearsay rule. [5] In the present case the state of the wife's feelings at the time of these conversations, both toward her husband and toward the defendant, was material, and the conversations were indicative of her feelings, and this being so, evidence of them was admissible to show her then state of feelings. This much can hardly be questioned, in view of the settled character of the general rule just stated, its plain applica-

bility to just such cases as the present, and the fact that it has very generally been so applied. (See *Cripe* v. *Cripe*, 170 Cal. 91, [148 Pac. 520], and authorities there cited; 13 R. C. L. 1477; 21 Cyc. 1624.)

The difficulty in regard to such declarations as those involved here lies in the fact that while they may be competent upon the point of the wife's feelings, they go very much further. They contain statements as to matters, such as automobile rides, dinners, flowers, and attentions generally by the defendant to the wife, as proof of which the statements are not within any exception to the hearsay rule and are wholly incompetent. The situation is intensified by the fact that those matters are themselves material to the issues, and, if true, very detrimental to the defendant, so that the admission of the evidence involves the placing before the jury of evidence tending to prove matters in issue, for proving which such evidence is not competent, and the proof of which is very prejudicial to the party against whom it is introduced.

[6] Nevertheless, it is clear enough that the evidence, competent for the purpose of showing the state of the wife's feelings, is not rendered incompetent by the fact that it also tends to prove other material matters, to prove which it is not competent. The rule upon this point, which is one of well-nigh every-day application in actual trial, is thus stated by Wigmore (volume I, page 42): "In other words, when an evidentiary fact is offered for one purpose, and becomes admissible by satisfying all the rules applicable to it in that capacity, it is not inadmissible because it does not satisfy the rules applicable to it in some other capacity, and because the jury might improperly consider it in the latter capacity. This doctrine, although involving certain risks, is indispensable as a practical rule."

*Cripe* v. *Cripe*, *supra*, is an illustration of this. A father was sued by the wife of his son for the alienation from her of the son, and at the trial the following question was asked of the father as a witness: "After the marriage of your son and daughter, and before Dolly [the son's wife] left the ranch at Huasua in August, 1911, did your son ever tell you that Dolly drank to such an extent that he could not control her, or did he ever tell you during that time that she abused him so bad that he could not live with her?" It is plain that as to the facts that the wife drank to excess and abused her

husband, so that he could not live with her, the evidence was hearsay, was not within any exception to the hearsay rule, and was wholly incompetent, and at the same time those facts were material to the case, and, if true, very detrimental to the cause of the wife, so that the introduction of the evidence would be very prejudicial to her as to facts which the evidence was wholly incompetent to prove. Nevertheless, the question was held to be proper, and the refusal of the trial court to permit it to be answered, reversible error, on the ground that the testimony which it called for was competent to show the state of the son's feelings.

In holding that such evidence is admissible, we are not unaware of the fact that there are decisions to the contrary, and in particular that so far as the testimony actually excluded by them is concerned, *Humphrey* v. *Pope,* 1 Cal. App. 374, [82 Pac. 223], and *Barlow* v. *Barnes,* 172 Cal. 98, [155 Pac. 457], are of this character. But in neither of these cases is the point discussed that declarations of the alienated spouse are admissible as competent evidence of his or her feelings at the time, and if they are to be taken as holding that such evidence is not competent for that purpose, they are directly contrary to *Cripe* v. *Cripe,* where the point was considered and decided. If *Cripe* v. *Cripe* is not to be taken as having fixed the law of this state upon the point, from which *Humphrey* v. *Pope,* and *Barlow* v. *Barnes* inadvertently depart, the situation is at least one of conflicting decisions, where we are now at liberty to determine which is correct and should be followed. In this situation, there is little question but that *Cripe* v. *Cripe* should be followed. It is in accord with the great weight of authority and is but the application in this particular class of cases of a general rule of evidence, thoroughly well settled and applied in every kind of case, civil and criminal. One of the most frequent applications of it in civil cases is the admission of declarations by a testator when his mental capacity or his feelings are material. (*Estate of Arnold,* 147 Cal. 583, 594, [82 Pac. 252].) A notable instance of its application in a criminal case is *Commonwealth* v. *Trefethen,* 157 Mass. 180, [24 L. R. A. 235, 31 N. E. 961], where upon a trial for murder a statement of the decedent, a young unmarried woman, made shortly before her death, that she was five months pregnant, was held admissible for the purpose of showing that she be-

lieved this to be her condition and therefore had a motive for committing suicide. Upon the point that such evidence admissible to prove one fact is not rendered inadmissible because tending to prove some other fact, to prove which it is not competent, the court said (page 187) : "The most obvious distinction between speech and conduct is that speech is often not only an indication of the existing state of mind of the speaker, but a statement of a fact external to the mind, and as evidence of that it is clearly hearsay. There is, of course, danger that a jury may not always observe this distinction, but that has not availed to exclude testimony which is admissible for one purpose, and not admissible for another to which there is danger the jury may apply it."

The rule, then, is that the admissibility of such evidence as that under discussion, admissible because competent as to one point, is not destroyed by its incompetency as to other points which it yet logically tends to prove. The danger, however, of the jury misusing such evidence and giving it weight in determining the points as to which it is incompetent, is manifest. In such a situation, as Professor Wigmore puts it immediately following the quotation already made, "the only question can be what the proper means are for avoiding the risk of misusing the evidence." Answering this question, Professor Wigmore says: "It is uniformly conceded that the instruction [to the jury] of the court [that the evidence is competent only as proof of one point and must not be considered as proof of others] suffices for that purpose; and the better opinion is that the opponent of the evidence must ask for that instruction; otherwise he may be supposed to have waived it as unnecessary for his protection."

The general correctness of this statement cannot be doubted. But we doubt if the learned author intended to say more than that the opponent of such evidence is always entitled to such an instruction for his protection, if he asks for it, and that generally it will suffice. But it is not difficult to imagine cases where it would not suffice, and the opponent could justly ask for more. The matter is largely one of discretion on the part of the trial judge. If the point to prove which the evidence is competent can just as well be proven by other evidence, or if the evidence is of but slight weight or importance upon that point, the trial judge might well be justified in excluding it entirely, because of its prejudicial and

dangerous character as to other points. A number of the authorities cited by defendant's counsel are distinguishable from the present case upon this ground. This would emphatically be true where there is good reason for believing that the real object for which the evidence is offered is not to prove the point for which it is ostensibly offered and is competent, but is to get before the jury declarations as to other points, to prove which the evidence is incompetent. The same thing would be true as to the introduction of repeated declarations, when once the point for which they are competent has been amply shown. It may also be that the portions of the declaration which there is danger may be misused by the jury are not so interwoven with the balance of the declaration but that they can be disassociated from it without impairing the meaning or effect of the declaration for the purpose for which it is admissible. In such a case, evidence of such portions of the declaration may be excluded on proper objection, when offered, if there is opportunity for such objection, or, if there is not, may be stricken out on motion subsequently. The point of the matter is that the opponent of such evidence, so likely to be misused against him, is entitled to such protection against its misuse as can reasonably be given him without impairing the ability of the other party to prove his case, or depriving him of the use of competent evidence reasonably necessary for that purpose.

[7] The question, then, in the present case in connection with the evidence of declarations of the wife reduces itself to a question as to whether the defendant was properly protected from the danger of this evidence being misused by the jury, and considered by them as proof of matters other than that for proving which it was admitted. We think that there can be no doubt but that the defendant was not properly protected in this respect.

When the first evidence of a conversation between the plaintiff and his wife of the character of that stated was put in, defendant's counsel requested an instruction to the jury in effect that the evidence was received only for the purpose of showing the relations between husband and wife, and should not be considered by the jury as proof of the facts narrated by the wife. In response to this request, the judge charged the jury as follows:

"Gentlemen, the court does not at this time or at any time instruct you as to what has been proven or as to what has not been proven. You are the sole judges of the value and effect of the evidence. It is well, however, to bear in mind the fact that this evidence is being admitted and is being received by the court for the purpose of throwing light and elucidating the issue as to the relations existing between the plaintiff and his wife."

[8] When evidence of similar conversations was subsequently introduced, a similar request was made and a similar instruction given. It is apparent at once that the instruction was not responsive to the request of defendant's counsel, and did not meet the situation. The defendant was entitled to a direct, positive, and unqualified instruction that the jury must not consider the evidence as proof of the matters narrated, to prove which the evidence was wholly incompetent. Instead of this the jury was instructed that the court would not instruct them as to what had been proven or not proven, and that they were the sole judges of the value and effect of the evidence, but it was well for them to bear in mind that this evidence was admitted for the purpose of showing the relations between the plaintiff and his wife. There was but one inference which the jury could draw from this, and that was that they were at liberty to consider the evidence as proof of the matters narrated by the wife, if they so pleased, although they should bear in mind that it was not admitted for that purpose. The effect of this instruction was heightened by an instruction given upon the introduction on behalf of the defendant of evidence of other declarations by the wife. After instructing the jury substantially as in the case of similar evidence on behalf of the plaintiff, the court concluded thus: "In other words, that the declaration of a person, of themselves, or of itself, if it be a declaration, does not *necessarily* establish the truth of those matters which are alleged to have been stated by the declarant. There must be other proof submitted before you would be justified in assuming it." It is true that this instruction was given in connection with evidence on behalf of the defendant, so that in this instance the failure properly to limit the effect which the jury could rightly give to the evidence was prejudicial to the respondent and not to the appellant. But the instruction was in line with the instructions which had previously

been given in connection with evidence for the plaintiff and could not but confirm in the minds of the jury the idea that they had the right to consider such evidence of declarations, whether for the plaintiff or for the defendant, as proof to some extent of matters narrated by the declarations, at least if there was corroborating proof.

The effect of these instructions was not removed by anything occurring subsequently. Nothing whatever is said upon the point in the final charge to the jury. The court did at a later time in the trial instruct the jury with regard to certain evidence introduced on behalf of the defendant that "it is to be considered by you only in the light of the instruction which I have heretofore given you, as throwing light upon the question of her [the wife's] feeling, emotion, sentiments, affection toward her husband, and not for any other purpose." The evidence to which this charge related was not evidence of declarations by the wife, but of conduct by her with other men subsequent to her alleged intimacy with the defendant, and this difference would tend to prevent the jury from appreciating the fact that it was inconsistent with the instructions previously given. But more than this, it is plain that, under the circumstances of this case at least, the only charge at all adequate to remove the effect of the previous erroneous instructions would have been one expressly pointed at them, stating that they were incorrect and should not be followed, and laying down the correct rule in sharp distinction from them. No such instruction was given.

Nor was the error in the respect under discussion a trivial one. The danger of the misuse by the jury of this evidence was great, so great that even the most positive instruction upon the point could hardly remove entirely the effect of the evidence from the mind of the jury. The defendant was entitled to protection against this danger, so far as it could reasonably be given. A positive instruction would at least have minimized its effect. Instead of such an instruction, one was given which practically authorized the use, or rather the misuse, by the jury of the evidence as proof of matters exceedingly detrimental to the defendant and as proof of which it was wholly incompetent. The conflict in the evidence was so sharp, and the evidence which the jury was authorized to use wrongly was so prejudicial to the defendant, that it may well have had a determining influence with

the jury. This being the situation, a new trial should be had.

There are other points made on behalf of the defendant, but they are not of such a character that anything would be gained by their discussion. It is sufficient to say for the purposes of a new trial that we have looked into them and find nothing in them. Judgment reversed.

Shaw, J., Lennon, J., Sloane, J., Angellotti, C. J., and Wilbur, J., concurred.