[Civ. No. 4704. Third Appellate District.—January 25, 1933.]

ALBERTA ANDERSON, Administratrix, etc., Appellant, v. SOUTHERN PACIFIC COMPANY (a Corporation), Respondent.

Thomas F. McCue for Appellant.

Levinsky & Jones for Respondent.

PULLEN, P. J.—This appeal arises from a judgment in favor of the defendant in an action brought by the administratrix of the estate of Ray Anderson, who met his death while employed by the Southern Pacific Company.

It is not necessary for a determination of this appeal to recite in detail the facts further than to state that Ray Anderson was, on the night in question, assigned as engine foreman directing the movements of a switching crew who were making up a train in the freight-yard of the Southern Pacific Company at Tracy. It appears that a number of freight-cars under the direction of decedent were being moved by an engine coupled to the rear of a string of cars, and to ascertain whether or not the cars were properly coupled, a stop signal was given the engineer. This in switch-yard parlance is called stretching the cut, a necessary and usual method when shoving cars to ascertain if all cars are properly coupled together. Shortly after this switching operation Anderson was found dead, near a point where the

cut of cars had been stretched. It is the theory of appellant that the engineer in stopping gave the cars an unusual, violent jerk causing the cars to buckle and rebound, thereby throwing Anderson to his death beneath the wheels.

■ The first assignment of error by appellant is that the court erred and abused its discretion in calling a special venire of jurors for the trial of the cause. Upon the calling of the case for trial on the day set it appeared that but eleven jurors of the regular panel were available for duty. The court suggested that counsel stipulate that a special venire be ordered, and awaiting their appearance that they proceed as far as possible to select a jury from the eleven members of the regular panel who answered the roll. To this counsel for plaintiff objected, and thereupon the court ordered the case continued until 1:30 o'clock on the same afternoon and directed the sheriff to summon a special venire to augment the regular panel. To this counsel for plaintiff again objected, stating that they were willing that the trial be continued until the following morning so they might have an opportunity to select the balance of the jurors from the regular panel. It appeared, however, that the regular panel had been called for duty the following day in another case, and would not be available.

Section 227 of the Code of Civil Procedure provides:

"When there are not competent jurors enough present to form a panel the court may direct the sheriff, or an elisor chosen by the court, to summon a sufficient number of persons having the qualifications of jurors to complete the panel from the body of the county, or city and county, and not from the bystanders; and the sheriff or elisor shall summon the number so ordered accordingly and return the names to the court."

The question of calling a special venire has been before the court on numerous occasions, the rule being that the court may in its discretion, order a special venire notwithstanding the fact that there are sufficient names in the term trial jury-box.

*People* v. *Ah Chung,* 54 Cal. 398, provides, that whenever jurors are not drawn and summoned to attend any court of record or a sufficient number of jurors fail to appear, such court may in its discretion, order a sufficient

number to be forthwith drawn and summoned to attend the court.

*People* v. *Durrant,* 116 Cal. 179 [48 Pac. 75], is authority for the rule that the court may summon jurors by special venire without exhausting all of the names upon the regular jury list.

In *People* v. *Sehorn,* 116 Cal. 503 [48 Pac. 495], it is held that where the venire drawn from the regular jurors has been exhausted the court has discretion to order a special venire. To the same effect are the cases of *People* v. *Suesser,* 142 Cal. 354 [75 Pac. 1093]; *Estate of Wall,* 187 Cal. 50 [200 Pac. 929]; *People* v. *Slaughter,* 33 Cal. App. 365 [165 Pac. 44]; *People* v. *Stennett,* 51 Cal. App. 370 [197 Pac. 372]; *Hoffman* v. *Southern Pac. Co.,* 101 Cal. App. 218 [281 Pac. 681]. There being no showing of any abuse of discretion in this matter, and in accordance with the well-settled rule in this state, the propriety of calling a special venire under the circumstances cannot be seriously questioned.

▮ For a second specification of error appellant asserts bias and prejudice on the part of the sheriff who summoned the special venire. The bias and prejudice alleged lies in the fact that the sheriff was the client of the attorneys for respondent and that a number of the members of the special venire summoned by the sheriff were personal friends and lodge brothers of the attorneys for respondent, not of itself grounds for disqualification of a juror. Appellant also asserts the panel was selected from the city of Stockton and not from the body of the county.

It does not appear that timely or any objection was made to the trial court of the alleged bias or prejudice or the asserted irregularity of the acts of the sheriff, which, if known to appellant before the conclusion of the trial, is a complete answer to the objection of appellant, but strictly no facts sufficient to intimate such bias or prejudice are before the court. Reference is made to an affidavit of one of the counsel for appellant used before the trial court on a motion for a new trial, but of that this court cannot take cognizance. (*Hefner* v. *Sealey,* 175 Cal. 18 [164 Pac. 898].) It does not appear that any challenge to the panel was interposed; it does not appear what, if any, challenges were interposed to the jurors upon their examination;

whether or not all challenges were exhausted before the jury was accepted. ■ That the panel was made up of persons from a particular vicinity is no ground upon which to base a claim that the sheriff was biased.

"The fact that all jurors were residents of the vicinity of Upland furnishes no ground upon which to base the claim that the sheriff was biased. *People* v. *Vaughn,* 14 Cal. App. 201 [111 Pac. 620], where it is said: 'The offer of the defendant was to prove that the sheriff summoned the special venire entirely from the city of Marysville, where the feeling and prejudice against the defendant was strong. From this he proposed to contend that there must have been prejudice and bias on the part of the officer. The conclusion would not be warranted from the circumstance relied upon.' No claim is made in the instant case that any feeling of prejudice against defendant existed among the residents of Upland." (*People* v. *Manuel,* 41 Cal. App. 153 [182 Pac. 306, 307].)

■ Appellant suggests the reason for not interposing a timely objection was that the facts were not discovered until after the trial of the case. However, the record shows that appellant was represented by associate local counsel during the impanelment of the jury at least, and if the close relationship existed between the sheriff and counsel for respondent as claimed, it was probably known or could have been ascertained by them. Appellant having elected to take a chance upon a favorable verdict cannot now object to its validity because of circumstances within her knowledge that she failed to reasonably urge.

■ Appellant next complains of the latitude of cross-examination of a witness for plaintiff. Appellant urges that nothing was asked of the witness on direct examination concerning his experience as a railroad man subsequent to the date of the accident, and was offered for the purpose only of proving certain technical matters of railroading. Counsel for respondent interrogated the witness as to his employment by the Santa Fe Railroad Company at a time after the accident. The line of examination objected to by plaintiff was entirely proper. This witness having been offered as an expert, respondent had the right to examine fully into his knowledge of the particular matter covering his entire range of experience. More particularly were they

entitled to go into the line of examination objected to for the purpose of showing bias or prejudice of the witness.

Respondent was attempting to show that the witness had, subsequent to the date of the accident, been employed by the Santa Fe Railroad Company under an assumed name and upon information furnished the latter company by the Southern Pacific Company the witness had been discharged, thereby challenging the impartiality and lack of bias and prejudice of the witness. This was not improper.

Appellant objects to certain instructions given the jury. Nothing would be gained by repeating them here, but a careful consideration of those before us indicates that the objections of appellant as to all but one are without merit. It might be advisable, however, to refer to one instruction given by the court to which appellant takes exception.

 The following instruction was submitted by respondent and given by the court:

"You are instructed that there is a legal presumption that the defendant discharged its duties to the plaintiff's intestate, and the burden is upon the plaintiff to overcome such presumption by a preponderance of the evidence."

In the case of *Olsen* v. *Standard Oil Co.*, 188 Cal. 20 [204 Pac. 393, 395], the following instruction was given:

"The presumption is that every man obeys the law and the presumption in this case is that the plaintiff was traveling at a lawful rate of speed and on the proper side of the highway at all times. This presumption is in itself a species of evidence and it shall prevail and control your deliberations until and unless it is overcome by satisfactory evidence.'

"The defendant claims that this is erroneous. We think it is correct. The rule that contributory negligence of the plaintiff must be alleged in the answer, or it will not be available to the defendant as a defense, is based on this presumption. So, also, is the rule that the burden of proving it by a preponderance of the evidence is on the defendant. The code expressly declares that this presumption is disputable and that it 'may be controverted by other evidence', and that unless so controverted, the jury is bound to find in accordance with it. (Code Civ. Proc., secs. 1961, 1963, subds. 1, 33.) The instruction is therefore strictly in accordance with the code on the subject."

This reasoning has been approved in *Smellie* v. *Southern Pac. Co.*, 212 Cal. 540 [299 Pac. 529], and cited with approval in *Pitt* v. *Southern Pac. Co.*, 121 Cal. App. 228 [9 Pac. (2d) 273]. The instruction here given perhaps goes beyond the strict rule in that it requires the presumption to be overcome by a preponderance of the evidence, whereas in fact evidence sufficient only to balance the presumption need be introduced to overcome it.

We do not believe the giving of this instruction as thus submitted constituted prejudicial error. We have examined such of the instructions as the record brings to us, and construing them as a whole we find the law bearing upon the evidence fairly presented to the jury.

 "In determining whether a jury has been properly instructed as to the law, the instructions taken as a whole must be considered; and questionable instructions are not ground for reversal where the rights of appellant are clearly stated to the jury in other instructions." (*American Marine Paint Co.* v. *Nyno Line, Inc.*, 70 Cal. App. 415 [233 Pac. 366].)

It devolves upon appellant to point out that the error complained of was prejudicial to her rights under the facts in evidence; this does not appear nor does it appear that the error resulted in miscarriage of justice.

The judgment is affirmed.

Plummer, J., and Thompson (R. L.), J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 24, 1933.