[Civ. No. 10570. Second Appellate District, Division One.—March 23, 1936.]

MAUDE EVELYN VALENTINE, Respondent, v. THE PROVIDENT MUTUAL LIFE INSURANCE COMPANY OF PHILADELPHIA (a Corporation), Appellant.

Loeb, Walker & Loeb, Henry Duque, Harry Friedman and Herman F. Selvin for Appellant.

H. Eugene Breitenbach and Clarence M. Heublein for Respondent.

ROTH, J., *pro tem.*—Plaintiff sued to recover the proceeds of an insurance policy issued on the life of her husband. The action was tried before a jury; verdict was rendered in plaintiff's favor for the full amount of the policy, and judgment entered thereon against defendant. Defendant appeals from the judgment.

It was alleged by plaintiff that her husband disappeared in 1924, and proof of death was predicated upon the presumption prescribed by subdivision 26 of section 1963 of the Code of Civil Procedure, which provides: "That a person not heard from in seven years is dead." Defendant concedes that the verdict of the jury is supported by the evidence and that such verdict cannot be disturbed by an appellate court by reason, alone, of the insufficiency of the evidence to support it. It urges that the trial court erroneously instructed the jury on the subject of burden of proof, which alleged error, taken in connection with the closeness of the evidence

in this case, constitutes prejudicial error which warrants a reversal of the judgment. Pithily stated, defendant asserts that error which may be immaterial in one case may be prejudicial in another. ■ The proposition is conceded, for there is no doubt that an appellate court may consider the state of the evidence in order to determine whether an assigned error is of a character so prejudicial as to warrant a reversal. (*Hirshfeld* v. *Dana*, 193 Cal. 142, 150 [223 Pac. 451] ; *Bollinger* v. *Bollinger*, 153 Cal. 190, 194, 195 [94 Pac. 770] ; *Adkins* v. *Brett*, 184 Cal. 252, 261, 262 [193 Pac. 251] ; *Robinson* v. *Wada*, 10 Cal. App. (2d) 5 [51 Pac. (2d) 171, 173] ; *Umemoto* v. *McDonald*, 83 Cal. App. Dec. 251, 252 [50 Pac. (2d) 68, 69].)

■ Both parties admit that the burden of proof to establish death by a preponderance of evidence rested at all times upon the plaintiff. (*Rogers* v. *Manhattan Life Ins. Co.*, 138 Cal. 285, 288 [71 Pac. 348] ; *Valente* v. *Sierra Ry. Co.*, 151 Cal. 534, 538–540 [91 Pac. 481] ; *Patterson* v. *San Francisco etc. Ry. Co.*, 147 Cal. 178, 183, 184 [81 Pac. 531] ; Code Civ. Proc., secs. 1981 and 2061 [5].) It is also conceded that a presumption is evidence (*Smellie* v. *Southern Pacific Co.*, 212 Cal. 540 [299 Pac. 529]), and that when sufficient facts are established to invoke the application of a presumption, a *prima facie* case has been established which shifts the burden of going forward with the evidence to the other side. It is not contended by either litigant that the burden of proof to establish the affirmative of an issue ever shifts. This is, of course, the law. (*Asadoorian* v. *Kludjian*, 210 Cal. 564, 565 [292 Pac. 644] ; *Scarborough* v. *Urgo*, 191 Cal. 341, 346, 347 [216 Pac. 584] ; *Manufacturers' Finance Corp.* v. *Pacific Wholesale Radio, Inc.*, 130 Cal. App. 239, 244 [19 Pac. (2d) 1013].)

■ In the case at bar, as already stated, the error complained of consists of alleged erroneous instructions. The trial court correctly instructed the jury that plaintiff was charged with the burden of proof, i. e., that plaintiff was charged with such burden, which meant that plaintiff was required to establish her case by a preponderance of the evidence; and the trial court correctly defined what was meant by preponderance of evidence. In a number of instructions, however, the court when referring to the presumption of death; the fact that such presumption was evidence; and the

effect thereof when considered with other evidence; said substantially: "And if you find that the evidence of the defendant *has not overcome* this presumption of death, your verdict should be for the plaintiff. . . . " (Italics ours.) Defendant asserts that this language was error, because there is no duty of defendant to *"overcome"* the presumption of death; that under the law defendant was chargeable only with "the burden of doing nothing more than producing evidence *to offset* the effect of plaintiff's showing". (Italics ours.) (*Valente* v. *Sierra Ry. Co.*, 151 Cal. 534, 539, 540 [91 Pac. 481].)

An analysis of all the instructions, however, discloses a mere ambiguity not amounting to error. The instructions given by the trial court when read as a whole correctly stated the law. One of the instructions given by the court and requested by defendant, said in part: "The burden of proving the death of John A. Valentine is upon the plaintiff herein. You are therefore instructed that if, after considering the evidence, you find it to be evenly balanced on the question of whether or not John A. Valentine is dead, then plaintiff has failed to sustain her burden of proof and *your verdict must be in favor of defendant. . . . "* Another instruction was to this effect: "If you find from the evidence that the disappearance of the said John A. Valentine is explainable upon some hypothesis other than death, and his failure to communicate with his family can be accounted for on some theory other than death, then you are *entitled* to render your verdict in favor of the defendant." Another instruction was in part as follows: " . . . Unless you find a preponderance thereof to point to the presumable death of John A. Valentine, your verdict *must* be in favor of defendant." (Italics ours.) It will be noted from the excerpts set out that the court in at least two instructions decisively stated the law using the word *must*. In another the court used the word *entitled*. This word is inapt, but taken in connection with the other two, its ambiguous import, as well as the ambiguity incident to the loose use of the word "overcome" is, in our opinion, cleared up.

That the use of the word "overcome" is not prejudicial error is squarely answered by authority. In the case of *Anderson* v. *Southern Pacific Co.*, 129 Cal. App. 206 [18 Pac. (2d) 703] (petition for hearing denied by the Supreme Court), the court gave the following instruction, page 212: "You are

instructed that there is a legal presumption that the defendant discharged its duties to the plaintiff's intestate, and the burden is upon the plaintiff to *overcome* such presumption *by a preponderance of* the evidence.'' (Italics ours.)   It will be observed that the above instruction, in addition to the use of the word ''overcome'' adds the phrase ''by a preponderance of the evidence''.   The court said at page 213, speaking with reference to such instruction, and a factual situation comparable to that of the case at bar: ''The instruction here given perhaps goes beyond the strict rule in that it requires the presumption to be overcome by a preponderance of the evidence, whereas in fact evidence sufficient only to *balance* the presumption need be introduced to overcome it.

''We do not believe the giving of this instruction as thus submitted constituted prejudicial error.   We have examined such of the instructions as the record brings to us, and construing them as a whole we find the law bearing upon the evidence fairly presented to the jury.

'' 'In determining whether a jury has been properly instructed as to the law, the instructions taken as a whole must be considered; and *questionable instructions are not ground for reversal where the rights of appellant are clearly stated to the jury in other instructions. . . . '*

''It devolves upon appellant to point out that the error complained of was prejudicial to her rights under the facts in evidence; this does not appear nor does it appear that the error resulted in miscarriage of justice.''

It must be conceded that there is an undoubted looseness in the use of the word ''overcome'' in the charge to the jury, with reference to the effect of a presumption as evidence. The law is clear that a party against whom the presumption is invoked fully dispels the effect of the same, when he has produced evidence to so offset, balance or equalize such presumption as to leave the evidence in such a state that it cannot be fairly said that the presumption preponderates over the testimony offered to disprove it.   There is no obligation to overcome a presumption by preponderating evidence.   What is meant in the use of the word is that a presumption *is overcome* when the evidence opposed to it is sufficient to offset, equalize or balance it.   (*Anderson* v. *Southern Pacific Co.,* 129 Cal. App. 206, 213 [18 Pac. (2d) 703].)   We are satisfied that any ambiguity which may have existed in the language of some of the instructions was definitely cured.   The

situation in this case is different from that which existed in the case of (*Adkins* v. *Brett,* 184 Cal. 252 [193 Pac. 251]. In the Brett case, cited by defendant, there was error which was *not cured* by *any* adequate instruction. The error in that case, as in all cases cited by defendant, was on the subject of admitting or rejecting evidence. The instruction complained of in that case was an *oral* one given to the jury upon the admission of evidence which could only be received for a limited purpose. The oral instruction was defective and the defect was not cured by any of the final written instructions. No such error is complained of here. When the stuff of which evidence is made is in such conflict as to be in near equal balance, the minutest fraction (which may be the look of a witness) on one side or the other may create the fair preponderance of evidence required by law. There is no complaint in this case that any evidence was erroneously admitted or rejected, and since we have concluded that the instructions as a whole did state the law, defendant's proposition resolves itself into an assertion that, because the jury might have been misled by the ambiguous language of some instructions divorced from the entire charge, this court in a close case has the right to say that such ambiguities which are cured by other instructions, amount to prejudicial error in a close case. We do not understand that we have any such right. The cases originally cited undoubtedly give to an appellate court the right to hold that error is prejudicial error in a close case, when there would be no warrant for doing so in a one-sided case, but an analysis of these cases demonstrates that the rules, which compel an appellate court to read instructions as a whole, have never been impaired. In each of the cases cited, a clear error was first found, and in each of said cases, such error was predicated on the failure of the trial court to admit or reject evidence, which might easily have changed the result. In each case the closeness of the evidence was of value in so far as it furnished reason for the appellate court to determine whether such error was so material as to impel a reversal. In the case of *Adkins* v. *Brett, supra,* as already pointed out, an inadequate instruction was given to cure prejudice suffered by reason of the admission of evidence which could only be received for a limited purpose. That case impliedly holds that if an adequate instruction had been given, the claimed error would

have been cured. In the case at bar, we are of the opinion that the questionable instructions were made certain by others. The case of *Anderson* v. *Southern Pacific Co., supra,* emphatically so holds. In short, before the state of the evidence may be considered by an appellate court to determine whether error is prejudicial error, there must first be a finding of undoubted error *which remains uncured.* There being no such error in this case, it follows that the judgment must be, and it is, affirmed.

York, Acting P. J., and Doran, J., concurred.