[No. 11610. In Bank. — January 31, 1888.]

T. E. B. RICE, RESPONDENT, v. DANIEL WHITMORE, APPELLANT.

LEASE IN PRÆSENTI — AGREEMENT TO MAKE LEASE IN FUTURO — EVIDENCE.
— In an action to recover damages for the breach of a contract of lease,
a finding that the agreement in question constituted a present lease, and
not a mere agreement to make a lease at a future time, *held*, supported
by the evidence.

ID. — LEASE MADE BEFORE EXPIRATION OF PRIOR LEASE. — Under sections
1044–1047 of the Civil Code, an owner of land in the possession of a
tenant may execute a valid lease thereof to a third person before the ex-
piration of the former lease, and before the prior tenant has surrendered
the possession.

ID. — BREACH OF COVENANT TO GIVE POSSESSION — MEASURE OF DAMAGES —
INSTRUCTION. — In an action by a lessee of farming land to recover for a
breach of a covenant in the lease to be let into possession, the court, at
the request of the plaintiff, instructed the jury, in effect, that the plain-
tiff was entitled to recover the value of the crop that might have been
raised on the land by an average farmer during the term, less the cost of
raising it, . . . . and that they might consider the fact that the plaintiff
had the stock and utensils to work and cultivate the land, without hir-
ing it done. At the request of the defendant the court further instructed
the jury that in assessing the plaintiff's damage they could not consider
damages resulting from the loss of his labor or of the use of his teams.
*Held*, that the instructions were proper, and were not conflicting.

INSTRUCTIONS — REFUSAL TO MAKE MORE EXPLICIT. — Where the instruc-
tions given by the court substantially cover a particular defense relied
on by the defendant, the failure to give more explicit instructions as to
such defense is not error, unless further instructions thereon were re-
quested.

APPEAL from a judgment of the Superior Court of
Stanislaus County, and from an order refusing a new
trial.

The action was brought to recover damages for the
breach of a contract of lease. On the trial, the court, at
the request of the plaintiffs, instructed the jury as follows:
" If, then, you find that the contract was entered into
substantially as claimed by the plaintiff, and that there-
after the defendant refused or neglected to carry out the
terms of said agreement against the will of plaintiff, and

you further find that the plaintiff has suffered damages by reason of said breach, then I charge you that the plaintiff is entitled in recover from the defendant all that he could have made on the ranch during that year; that is, he is entitled to the value of the crop that might have been raised on the ranch during that year by an average farmer, less the cost of raising, cutting, harvesting, etc., the same, and the amount raised, its cost of raising, etc., its value, you must ascertain from the evidence in the case. In determining the amount of damages to be awarded plaintiff, if you find in his favor, the jury should take into consideration all the facts and circumstances proven in the case, and if you find that plaintiff had the stock and utensils, etc., to work and cultivate the ranch or any portion of it without hiring it done, that fact you have a right to take into consideration; and taking all the facts into consideration, the plaintiff is entitled to recover an amount equal to what he would have made had the contract been carried out." At the request of the defendant, the following instruction was given: " If the plaintiff and defendant entered into the contract set up in the complaint, and you find from the evidence that there was a breach of such contract on the part of defendant, then, in assessing damages for such breach, you must not consider or assess any damages resulting to plaintiff from loss of his labor, or the loss of the use of his teams." The further facts are stated in the opinion.

_W. L. Dudley_, for Appellant.

The agreement in question was not a lease, but a mere agreement for one. (_People_ v. _Gillis_, 24 Wend. 201; _Buell_ v. _Cook_, 4 Conn. 238.) The contract in question, conceding it to be a lease, is void, because at the time of its execution the lessor was out of possession, and the lessee knew it, and furthermore knew that the tenant in possession would not surrender the possession without

a lawsuit. (Taylor on Landlord and Tenant, sec. 48; *Bayly* v. *Tyrrell*, 2 Ball & B. 358.) The instructions as to the measure of damages were erroneous. (*Giles* v. *O'Toole*, 4 Barb. 261.)

*W. E. Turner*, and *Freeman, Bates & Rankin*, for Respondent.

The contract in question was a lease, and not an agreement to make one thereafter. (*Kabley* v. *Worcester G. L. Co.*, 102 Mass. 392.) The lease was not void because of Hanscom's being in possession. The common-law rule to the contrary has been changed in this state. (Civ. Code, secs. 954, 1044–1047.) The profits which might have been realized by the plaintiff were proper elements of damages. (Sedgwick on Measure of Damages, 6th ed., 79; *Hale* v. *Trout*, 35 Cal. 245; *Masterson* v. *Mayor of New York*, 7 Hill, 61; 42 Am. Dec. 38; *Simmons* v. *Brown*, 5 R. I. 299; 73 Am. Dec. 66; *Griffin* v. *Colver*, 16 N. Y. 489; 69 Am. Dec. 718; *Clifford* v. *Richardson*, 18 Vt. 620; *Adams Express Co.* v. *Egbert*, 36 Pa. St. 360; 78 Am. Dec. 382; *Pennypacker* v. *Jones*, 106 Pa. St. 242.) Where one has contracted for a lease of lands on shares, his damages for a breach of the contract are what he would have made had the contract been fulfilled. (*Hoy* v. *Gronoble*, 34 Pa. St. 9; 75 Am. Dec. 628; *Wolf* v. *Studebaker*, 65 Pa. St. 461.)

BELCHER, C. C. — This is an action to recover damages for an alleged breach of contract.

As stated in the complaint, the contract was made by the parties in September, 1883, and was for the lease of a certain ranch in Stanislaus County, containing about 960 acres of land. It is alleged that the defendant agreed to and with the plaintiff that he " would rent, lease, and farm-let to plaintiff" the ranch for the term of one year from September, 1883, and would forthwith put plaintiff into possession thereof, and would accept as rental there-

for one fourth of all grain raised on the premises during the ensuing year, to be delivered to defendant by plaintiff at a certain warehouse in Ceres. It is further alleged that plaintiff then and there agreed to accept, lease, rent, and hire said ranch from the defendant, and to occupy and farm the same on the terms and conditions aforesaid, and that the contract then and there became mutual between the parties. It is then stated that plaintiff owned all necessary teams and outfit to cultivate and farm the ranch, and that he at once commenced to make preparations to enter upon the same, but defendant neglected and refused to put him in possession thereof, and on or about the 31st of October, 1883, informed him that he would not carry out the terms of the agreement in any particular, and that he would not lease, let, or rent the ranch, or any part thereof, to him; and that by reason of such neglect and refusal plaintiff sustained damages in the sum of two thousand five hundred dollars.

The answer denies that defendant made any contract to lease the ranch to plaintiff, as stated in the complaint, and alleges that at the time of the supposed agreement one Hanscom was in possession of the land as a tenant of defendant, which fact was well known to the plaintiff, and the only agreement made was to the effect that defendant would lease to plaintiff, provided he succeeded in obtaining possession of the land from Hanscom. It is further alleged that at a subsequent time both plaintiff and defendant became satisfied that Hanscom could not be dispossessed in time to rent the land for the ensuing year, and thereupon all negotiations for leasing it were abandoned by consent of the parties, and no lease was made or entered into by or between them.

The case was tried by a jury, and the verdict and judgment were in favor of plaintiff. The defendant then moved for a new trial, and his motion being denied, has brought the case here on appeal from the judgment and order.

1. It is now insisted for appellant that the evidence did not justify the verdict, and a new trial should have been granted for that reason. We have carefully read over all the evidence set out in the transcript, and are of the opinion that it did justify the jury in finding that the agreement constituted a present lease, and was not simply an agreement to make a lease when Hanscom should be dispossessed.

2. But if this be so, it is further claimed that the agreement was void, and damages could not be recovered for its breach, because the defendant was out of possession of the premises, and the plaintiff knew that fact, and also knew that Hanscom would not give up possession without a lawsuit.

There is nothing to show that the land was held adversely by Hanscom; on the contrary, he appears to have rented it by the year some ten years before, and to have held it along from year to year under his original lease. But however this may be, the rule invoked is the rule of the common law, under which property in the adverse possession of another could not be transferred. That rule has been changed here. Under our code, property of every kind, except a mere possibility not coupled with an interest, may be transferred. (Civ. Code, secs. 1044, 1045.) "A right of re-entry or of repossession for breach of condition subsequent can be transferred." (Civ. Code, sec. 1046.) "Any person claiming title to real property in the adverse possession of another may transfer it with the same effect as if in actual possession." (Civ. Code, sec. 1047.) Surely it cannot, then, be said here that a landowner cannot make a valid lease of his land until all former leases have expired, and the tenants have surrendered back to him the possession.

3. The court instructed the jury, at the request of the plaintiff, that if Whitmore, in September, 1883, offered to rent the ranch to Rice upon certain terms, and Rice accepted such terms, and Whitmore agreed to put Rice

in possession of the ranch on or before the 1st of October, 1883, then a valid contract was duly entered into, between the parties, the terms of which both parties were bound to perform; and if either party refused or failed to substantially carry out the terms of the contract, such party is, in law, liable to the other in damages for a breach of the contract.

This instruction is said to have been erroneous, for the reason that one of the defenses to the action was that plaintiff and defendant became satisfied that Hanscom could not be dispossessed in time to put in a crop, and therefore all negotiations for leasing were off and abandoned by consent of the parties; that this defense was a question of fact to be determined by the jury, and was wholly ignored by the instruction. The answer is, that the court had already charged the jury, as one of the necessary elements of plaintiff's case, that it must be shown that "defendant refused or neglected to carry out the terms of the agreement against the will of plaintiff"; and if defendant desired any further or more explicit instruction in reference to the abandonment of the negotiations for a lease, he should have asked for such an instruction. Not having done so, he cannot now be heard to complain that it was not given.

4. It is also claimed for the appellant that the instructions upon the question of damages were conflicting, and therefore erroneous. We are unable to see any necessary conflict in these instructions. They seem to us to have stated the law to the jury quite fully and fairly, and without any substantial error.

We conclude, therefore, that the judgment and order should be affirmed.

Foote, C., and Hayne, C., concurred.

The Court.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.