[No. 15370.   Department Two.—June 8, 1894.]

## FREDERICK D. NICHOL, Appellant, v. CHARLES S. LAUMEISTER, Respondent.

Appeal—Review of Conflicting Evidence.—Where there is a substantial conflict in the evidence, the verdict of a jury cannot be disturbed upon appeal, upon the ground that the evidence was insufficient to justify it.

Conversion of Goods—Action Against Sheriff—Impeachment of Garnishee.—In an action for the conversion of personal property sold by the sheriff under a writ of attachment, the writ of attachment and the sheriff's return thereon, with a memorandum furnished by a garnishee, are properly admitted in evidence in connection with the cross-examination of the garnishee, for the purpose of showing that some of the statements made by the witness upon his direct examination were not true.

Id.—Burden of Proof—Instructions—Omission of Request.—Where the instructions given to the jury as to the burden of proof state the law correctly as to to the burden of proof upon the part of the plaintiff, so far as they go, if the plaintiff desires further instructions as to the burden of proof upon the issues raised by the answer, he should ask for them, and, having failed to do so, he cannot be heard to complain upon appeal.

Id.—Instructions Already Given—Modification.—An instruction upon a subject on which the court of its own motion has charged the jury fully and fairly is properly refused; and the court may modify an instruction asked for to conform to the law.

Id.—Construction of Instructions Given by Court.—The instructions given by the court must be read together as a whole, and are sufficient if, when so read, they appear to cover the whole case, and state correctly the law applicable thereto.

Appeal from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion.

*Wal. J. Tuska,* and *R. H. Taylor,* for Appellant.

*Dorn & Dorn, E. S. Heller,* and *George T. Wright,* for Respondent.

BELCHER, C.—This is an action to recover damages for the conversion of certain personal property constituting the stock and fixtures of a restaurant in the city of San Francisco.

At the time of the alleged conversion defendant was the sheriff of the city and county of San Francisco, and took the said property under a writ of attachment issued in an action commenced against J. P. Dockery by one of his creditors, and subsequently sold the same under a writ of execution.

The plaintiff claimed ownership of the property under and by virtue of a bill of sale thereof made to him by J. P. Dockery, the then owner, on September 14, 1890, and certain acts of possession thereafter; and the defendant justified the taking upon the ground that the sale was void as to the attaching creditor, because: 1. The bill of sale was made by Dockery, and accepted by the plaintiff with intent to hinder, delay, and defraud his, Dockery's, creditors; and 2. The transfer was not accompanied by such an immediate delivery and followed by such actual and continued change of possession as was required by law.

The case was tried before a jury, and the verdict and judgment were in favor of defendant. The plaintiff moved for a new trial, which was denied,- and has appealed from the judgment and order denying his motion.

1. The point that the evidence was insufficient to justify the verdict cannot be sustained. It would subserve no useful purpose to state the facts, but, in our opinion, the evidence on the part of the defendant was amply sufficient to show, that the transfer was made with intent to hinder, delay, and defraud the creditors of Dockery, and was at the time known to be so made by both of

the parties to the transaction, and also that the transfer was not accompanied by a sufficient change of possession. It is true there was a sharp conflict in the evidence in regard to this matter, and, as the court remarked, there were "undoubtedly some unblushing falsehoods uttered on the stand here on the part of either the witnesses for the plaintiff or for the defendant." But the question as to which witnesses told the truth was for the jury, and its determination of the question cannot be disturbed on appeal.

2. We see no material error in the rulings upon the admission of evidence. The writ of attachment in the case of *Nichol* v. *Dockery*, and the sheriff's return thereon, with the memorandum furnished by Strause, garnishee, were properly admitted in evidence in connection with Strause's cross-examination. They tended to show that some of the statements made by the witness on his direct examination were not true. The other papers in the case were irrelevant, and were properly excluded.

3. The instructions given to the jury as to the burden of proof stated the law correctly, so far as they went. They were: "In civil cases, and this is a civil case, the affirmative of the issue must be proven, and where the evidence is contradictory the decision must be according to the preponderance of the evidence.

"In this case the burden of proof is upon the plaintiff, so far as the issues tendered in his complaint are concerned, and if such issues have not been established by a preponderance of evidence, then it will be your duty to find a verdict in favor of the defendant."

If the plaintiff desired further instructions as to the burden of proof upon the issues raised by the answer, he should have asked for them, and, having failed to do so, he cannot now be heard to complain.

Instruction No. 2 asked by the plaintiff was properly refused. It related to change of possession, and upon that subject the court of its own motion charged the jury fully and fairly. Instruction No. 5, asked by the

plaintiff, was properly modified by the court. As modified and given, it stated the law correctly.

The instructions given by the court are quite lengthy, and must be read together as a whole. When so read they appear to cover the whole case, and to state correctly the law applicable thereto.

The record discloses no ground for reversal, and the judgment and order appealed from should be affirmed.

Temple, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

De Haven, J., McFarland, J., Fitzgerald, J.