[Civ. No. 3132. First Appellate District, Division Two.—December 13, 1919.]

AMERICAN MARINE PAINT CO. (a Corporation), Appellant, v. NYNO LINE, INC. (a Corporation), Respondent.

[1] NEW TRIALS—INSUFFICIENCY OF EVIDENCE—PRESUMPTION FROM STATEMENT IN ORDER GRANTING.—The appellate court will not presume that the trial court was satisfied as to the sufficiency of the evidence to sustain the verdict because the latter court included in its order granting a new trial a statement that it would file a written opinion if the parties had not settled the case within thirty days.

[2] ID.—MISLEADING AND CONFUSING INSTRUCTIONS.—Where it appears from the questions of several of the jurors, after they had been deliberating for a time and were unable to reach a verdict, that they were confused and had no clear idea of the law applicable to the facts, the trial court is justified in granting a new trial on the ground that the instructions were misleading and confusing.

[3] ID.—PRESUMPTIONS WHERE ORDER GRANTING GENERAL—APPEAL.—Where the order granting a new trial is general in its terms, all presumptions are in its favor; and, on appeal, the entire record will be examined, and if there be found any ground that would have justified the order, it will be affirmed.

[4] ID.—CONFLICTING EVIDENCE—VERDICT NOT CONCLUSIVE ON TRIAL COURT.—The trial court is not bound by the decision of a jury because of a conflict in the evidence.

45 Cal. App.—1          (1)

[5] ID.—DISCRETION OF TRIAL COURT—APPEAL.—The granting of a new
trial is a matter resting so largely in the discretion of a trial court
that it will not be disturbed on appeal except upon an unmistakable
abuse.

APPEAL from an order of the Superior Court of Los
Angeles County granting a new trial. Curtis D. Wilbur,
Judge. Affirmed.

The facts are stated in the opinion of the court.

Ira S. Lillick and J. Arthur Olson for Appellant.

W. G. Van Pelt and Bertin A. Weyl for Respondent.

LANGDON, P. J.—This is an appeal from an order grant-
ing a new trial after judgment for the plaintiff in the sum
of $16,250 and interest, the full amount prayed for in its
complaint. The action was brought to recover commissions
for the sale of a steamer owned by the defendant company.
The record contains a stipulation of counsel as to certain
basic facts, from which it appears that the transaction out
of which the action grew was negotiated on the part of the
defendant by one Will E. Keller, and upon the part of the
plaintiff company by one W. C. Lacombe. The steamer was
sold to and paid for by the Kerr Steamship Line of New
York. It was, at the time of the sale, in a drydock at New
York. The purchase price was three hundred and twenty-
five thousand dollars. The defendant agreed to pay to Mr.
Lacombe, as agent for the plaintiff, five per cent commission
upon the sale, which would amount to $16,250. It is claimed by
the defendant that the agreement to pay five per cent commis-
sion was procured by a fraudulent misrepresentation to the
effect that it would be necessary for Lacombe to pay three per
cent to the purchasers of the vessel in order to effect the sale.
We do not consider it either necessary or proper for us to
discuss the evidence upon the question of misrepresentation,
since it is our opinion that the order granting a new trial
must be affirmed and the case must be retried. The motion
for a new trial was made upon three grounds: First, insuffi-
ciency of the evidence to justify the verdict; second, that
the verdict was against law; third, errors in law occurring
at the trial and excepted to by the defendant. The motion

was submitted to the trial court upon briefs.  [1]  The appellant argues that the trial court erred in granting this motion because it appears from the order that the trial court was satisfied as to the sufficiency of the evidence to sustain the verdict.  And this the appellant deduces from the inclusion in the order granting a new trial of the statement by the court: "If within thirty days from this date the parties have not settled the case, the court will then file a written opinion herein."  We will not indulge in any speculations as to what was in the mind of the court in making this statement in the order—and most assuredly we will not presume something which would contradict the action taken by the court in granting the motion.  [2]  The trial court may have concluded that the evidence was insufficient to justify the verdict, or that the instructions to the jury were misleading and confusing.  The former conclusion would not be so unwarranted as to amount to an abuse of discretion under the record in this case, and the latter, also, would be justified, for it appears from the questions of several of the jurors after they had been deliberating for a time and were unable to reach a verdict, that they were confused and had no clear idea of the law applicable to the facts.

[3]  The order granting a new trial was general in its terms and all presumptions are in its favor.  The entire record upon which the order is based will be examined upon appeal, and if there be found any ground that would have justified the order, it will be affirmed.  (*Central Trust Co.* v. *Stoddard,* 4 Cal. App. 647, [88 Pac. 806]; *Morgan* v. *Robinson Co.,* 157 Cal. 348, [107 Pac. 695].)  [4]  The trial court is not bound by the decision of a jury because of a conflict in the evidence.  In this respect its functions are different from those of an appellate court.  (*Pollitz* v. *Wickersham,* 150 Cal. 238, [88 Pac. 911].)  [5]  The granting of a new trial is a matter resting so largely in the discretion of a trial court that it will not be disturbed except upon an unmistakable abuse.  (*Groppengiesser* v. *Lake,* 103 Cal. 38, [36 Pac. 1036]; *Harrison* v. *Sutter St. Ry. Co.,* 116 Cal. 156, [47 Pac. 1019].)

The order appealed from is affirmed.

Brittain, J., and Nourse, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 9, 1920.

All the Justices concurred, except Wilbur, J., who did not participate.