[S. F. No. 9113. In Bank.—August 3, 1921.]

## NORTHWESTERN PACIFIC RAILROAD COMPANY (a Corporation), Appellant, v. HUMBOLDT MILLING COMPANY (a Corporation), Respondent.

[1] EASEMENT — GRANT WITHOUT WORDS OF INHERITANCE OR SUCCESSION—RIGHT OF TRANSFER.—In view of the provisions of sections 1072, 1092, and 1105 of the Civil Code, the grantee of an easement by a conveyance containing words of grant without words of succession or inheritance is entitled to transfer to another the estate conveyed to him.

[2] ID.—CONSTRUCTION OF DEED—EASEMENT FOR GRANTEE AND SUCCESSORS.—A deed to a railroad company of a strip of land for railroad purposes "so long as the said company shall actually maintain, use, and operate its road upon the premises aforesaid but not longer," which contained the word "grant" but did not contain any words of succession or inheritance, is to be construed as though the conveyance was to the railroad company, its successors and assigns, and the words "said company" should be read as applying not only to the grantee, but to its successors.

APPEAL from a judgment of the Superior Court of Humboldt County. George D. Murray, Judge. Reversed.

The facts are stated in the opinion of the court.

Gillett & Cutler and Delos A. Mace for Appellant.

J. F. Coonan for Respondent.

WILBUR, J.—On July 10, 1884, the Eel River and Eureka Railroad Company purchased from G. F. Gushaw for six hundred dollars an easement for railroad purposes over certain property described by metes and bounds. It constructed thereon its main railroad track and certain switches, all being a part of its general railway system extending from Eureka to Burnell station. From that time forward said land has been used continuously for railway purposes. G. F. Gushaw died April 22, 1894. His estate was distributed to his widow June 5, 1895. The decree of distribution contained a general distribution to the widow of all property not now known or discovered. In 1896 the defendant began occupying a portion of the right of

way not needed for switches or tracks and erected a building thereon. In October, 1902, the Eel River and Eureka Railroad Company transferred all its property, including its rights in the premises deeded to it by Gushaw to the San Francisco and Northwestern Railroad Company, which thereafter operated said railroad. On December 28, 1906, that railroad transferred its rights to the Northwestern Pacific Railroad Company; which company operates a railroad from Trinidad, in Humboldt County, to San Francisco, a distance of 330 miles, occupying and using the tracks on the property transferred by Gushaw. On May 20, 1913, Rachel T. Gushaw, widow of G. F. Gushaw, executed a deed to the Humboldt Milling Company covering that portion of the land occupied by the defendant's building. On February 23, 1915, the plaintiff brought this action to recover possession of that portion of the property deeded to it by Gushaw, occupied by the defendant's building, and to quiet title thereto. The defendant's answer consisted of a denial that either the Eel River and Eureka Railroad Company, the San Francisco and Northwestern Railroad Company, or the Northwestern Pacific Railroad Company, either entered upon or occupied the land sought to be recovered by the plaintiff. The answer denies that plaintiff is entitled to the possession of any part of the property described in Gushaw's deed and denies that the defendant ousted or ejected plaintiff from the lands sought to be recovered, and denies "that the said entry and possession of defendant was or is without right or title." The answer affirmatively alleges that through mesne conveyances the defendant has acquired all of the right, title, and interest in the land and premises described in the Gushaw deed, and is the owner and entitled to possession thereof, and "that the said Eel River and Eureka Railroad Company has not since the third day of October, 1902, actually maintained and used and operated its railroad upon the premises mentioned in the said agreement."

Defendant's claim is based upon the following provision in the deed from Gushaw to the Eel River and Eureka Railroad Company: "so long as the said company shall actually maintain use and operate its road upon the premises aforesaid but not longer," its contention being that immediately upon the conveyance made by the grantee to

the San Francisco and Northwestern Railroad Company, the condition subsequent contained in the deed was breached for the reason that thereafter the grantee no longer operated the railroad, but that its grantee thereafter operated the same. The deed upon which this controversy turns, omitting the description of the land conveyed by metes and bounds, is as follows:

"G. F. Gushaw to the E. R. & E. R. R. Co.

"Know all men by these presents that I, G. F. Gushaw of the County of Humboldt, State of California, in consideration of the sum of six hundred (600) Dollars Gold Coin of the United States to me in hand paid by the Eel River and Eureka Railroad Company, the receipt whereof is hereby acknowledged do hereby grant to the said Eel River and Eureka Railroad Company the right, privilege and easement of constructing and maintaining, exclusive of any other person or persons, its track and road switches, turnouts and turntables, and of passing and repassing with its cars and rolling stock, freight and passengers, without let or hindrance, over and upon that certain strip or parcel of land in the County of Humboldt, State of California, bounded and described as follows, to-wit: (Here follows description of 2.35 acres of land.) And being the land upon which I reside and upon the line as near as practicable surveyed by R. E. Finley in 1884 and adopted by said Company as the line of its road so long as the said Company shall actually maintain use and operate its road upon the premises aforesaid but not longer.

"In witness whereof I have hereunto set my hand and seal this 10th day of July, 1884.

"G. F. GUSHAW."

[1] The trial court held that the transfer by the grantee to its successor was a breach of the condition subsequent and gave judgment for the defendant. Plaintiff appealed. We think this was an erroneous construction of the deed. Under our system it is only essential that a conveyance should use the word "grant" to convey an estate in fee simple absolute. (Civ. Code, secs. 1072, 1092.) Section 1092 provides statutory forms of grant, requiring only the declaration that "I, A B, grant to C D all that real property," describing it. "Witness my hand this (insert day) day of (insert month), 18—." Signed "A B." Section 1072 of the

Civil Code provides as follows: "Words of inheritance or succession are not requisite to transfer a fee in real property." This applies as well to the grant of an easement. Section 1105 of the Civil Code provides: "A fee-simple title is presumed to be intended to pass by a grant of real property, unless it appears from the grant that a lesser estate was intended." "These provisions of the code were intended to change the common-law rule not only with respect to a transfer of the fee, but of all other estates in real property." (*Painter* v. *Pasadena L. & W. Co.*, 91 Cal. 74, 81, [27 Pac. 539, 541].) Section 1044 of the 'Civil Code provides: "Property of any kind may be transferred, except as otherwise provided by this article," and the only restriction upon such power of transfer is contained in section 1045 of the Civil Code: "A mere possibility, not coupled with an interest, cannot be transferred." It follows that the grantee of an easement by a conveyance containing words of grant without words of succession or inheritance is entitled to transfer to another the estate conveyed to him. [2] The deed in question is to be contrued as though the conveyance was to the Eel River and Eureka Railroad Company, its successors and assigns, and there is no good reason why the condition in the deed should not be construed in the light of this fact. The deed itself authorized the grantee to convey its rights thereby acquired to others. The words "said company" in the condition subsequent should be read as applying not only to the grantee but to its successors. The evident purpose of the grantor was to require that the property should be used for a railroad. It was certainly immaterial to the grantor who operated the railroad as long as it was in fact operated, and there is no indication in the language of the deed which justifies the conclusion that it was the intention that the rights of the grantee should be forfeited upon a transfer of the property by the grantee. There was no reference whatever in the deed to a transfer or to the rights of the grantor in case of a transfer. There was nothing said in the deed concerning the effect of the dissolution of the grantee and no indication that it was intended that the rights of the grantee should revert to the grantor upon such a contingency. The defendant states: "If the limitation clause of the Gushaw deed had read 'so long as the

said company, its successors and assigns shall actually maintain, use and operate its road upon said premises' there could have been no doubt that the estate did not cease by the transfer of the railroad to the San Francisco and Northwestern Railroad Company.'' We hold that the deed should be construed as though it contained the words thus conceded by defendant to be sufficient to defeat its claim in this action.

If there is any doubt about the proper construction of the deed, the acquiescence of the heir in the transfer by the original grantee without objection to such transfer, or to the continued use and occupation of the premises by the successor to the Eel River and Eureka Railroad Company and by the plaintiff, would be a practical construction of the condition subsequent by the parties. (*Duryee* v. *Mayor etc. of New York,* 96 N. Y. 477.)

Briefs were filed after the argument and it is stated in the respondent's brief that ''appellant at the oral argument admitted it did not get title by virtue of deed from Gushaw and abandoned its claim under the Gushaw deed . . . '' This statement is incorrect. It is true that the argument was directed along other lines, partly by the attitude of the court and partly by reason of the previous decision of the matter by the district court of appeal. The argument of the appellant was largely based upon the assumption that the court might hold that there had been a breach of the condition subsequent. By reason of the questions of the court the argument was also diverted somewhat to the question of adverse possession by the defendant. But the appeal is on the judgment-roll alone, and the findings do not show either an adverse claim of title or payment of taxes by the defendant or its predecessor in interest, and hence title by prescription was not established by defendant.

In its opening brief appellant thus states its contention: ''The transfer by the Eel River and Eureka Railroad Company of its property and rights continued in use for railroad purposes the land described in the Gushaw deed and there was no reversion thereof.'' This point has not been waived, and for the reasons above stated is correct.

Judgment reversed.

Shaw, J., Lennon, J., Sloane, J., and Lawlor, J., concurred.