[Civ. No. 4800.  First Appellate District, Division One.—December 30, 1924.]

AMERICAN MARINE PAINT CO. (a Corporation), Appellant, v. NYNO LINE, INC. (a Corporation), Respondent.

[1] BROKER'S COMMISSIONS — SALE OF VESSEL — REPRESENTATIONS— AGENCY — EVIDENCE—INSTRUCTIONS.—In an action to recover an agreed five per cent commission on the purchase price of a steamer which plaintiff's agent sold for defendant, which commission defendant refused to pay upon the ground that plaintiff's agent had falsely represented to defendant that he would be required to pay to the purchaser a sum equal to three per cent of the purchase price, out of his commission, where plaintiff's agent admitted that out of the transaction his employer (plaintiff) was to receive two per cent commission and he personally was to receive an additional one per cent, making a clear three per cent commission for plaintiff, an instruction that "In considering the evidence, you must treat . . . the plaintiff herein, and . . . (plaintiff's agent), as one person, and if you believe from the evidence that . . . (plaintiff's

agent) in his telephone conversation with . . . (the president of defendant company) led . . . (the latter) to believe that *he* was receiving only 2%, and that others were receiving 3% of the purchase price, as a commission, then such statements are false and untrue for the evidence of . . . (plaintiff's agent) clearly shows that the plaintiff was receiving in excess of 2%," was a correct statement of the effect of the evidence given by plaintiff's agent, and was not an instruction upon a question of fact.

[2] Id.—Agency—Instructions—Evidence.—In such action, although the pronoun "he" was inaptly used in such instruction as referring to plaintiff, the jury could not have been misled thereby in view of the fact that it was not contended by anyone at any time that plaintiff's agent represented that he personally was going to receive two per cent of the commissions; but if any confusion did arise therefrom, it was entirely dispelled by another instruction, given at the request of defendant, which stated to the jury the terms of the representation defendant claimed was made by the agent.

[3] Id.—Instructions—Appeal.—In determining whether a jury has been properly instructed as to the law, the instructions taken as a whole must be considered; and questionable instructions are not ground for reversal where the rights of appellant are clearly stated to the jury in other instructions.

[4] Id.—Agency in Behalf of Seller—Instructions—Evidence.— In such action, certain instructions, objected to by plaintiff upon the ground that they contain an assumption of agency acting for defendant which was not supported by the evidence, were properly given, where the evidence not only established an agency, but one that imposed upon the agent the duty to act in the highest good faith toward the principal and precluded him from obtaining any advantage over his principal in any transaction by virtue of his agency.

[5] Id.—Agency—Discretion—Good Faith.—The fact that the agent had no discretion to fix the price for the sale of the vessel did not relieve him from the responsibility of acting in good faith toward his principal.

[6] Id.—Agency—Discretion.—The rights of the principal will not be changed nor the capacity of the agent enlarged by the fact that the agent is not invested with a discretion, but simply acts under an authority to purchase a particular article at a specified price or to sell a particular article at the market price; nor does it matter whether or not his employment be called an agency.

[7] Id.—Fraud—Elements of Instructions.—In such action, while it would have been proper to have included in an instruction upon the question of fraud the elements that the misrepresentation must be upon a material point; that it was necessary to show that the

agent knew that the representation was false when it was made; that there was an intent to deceive; and that defendant had a right to rely on the agent's representations, nevertheless the inclusion of such elements was not indispensable.

[8] ID.—FRAUD — INSTRUCTIONS—APPEAL.—In such action, where the instructions given upon the question of fraud did not contain a misdirection to the jury but rather an incomplete direction, in such a case, the plaintiff (appellant) is in no position to complain, when he has not asked for a more specific and explicit instruction.

[9] ID.—VERDICT—EVIDENCE.—In such action, the evidence was sufficient to sustain the verdict in favor of defendant.

[10] ID.—DAMAGES — EVIDENCE—AGENCY.—In such action, proof of actual loss to defendant was not necessary in view of the agency established between the parties, but if such proof was necessary it was supplied by the fact that defendant would, in the event of plaintiff's recovery, have been deprived of an amount of money equal to three per cent of the purchase price of the vessel, which amount, not being paid to the purchaser, rightfully belonged to defendant.

[11] ID.—AGENCY—VIOLATION OF—DAMAGES.—An agent will not be permitted to justify the violation of his trust and retain from his principal the fruits of his fraud upon the plea that the principal would not be damaged thereby.

---

(1) 9 C. J., p. 661, n. 70.   (2) 9 C. J., p. 661, n. 71.   (3) 4 C. J., p. 1029, n. 30; 9 C. J., p. 662, n. 74; 38 Cyc., p. 1778, n. 73.   (4) 9 C. J., p. 661, n. 69.   (5) 9 C. J., p. 536, n. 25.   (6) 9 C. J., p. 524, n. 29.   (7) 9 C. J., p. 660, n. 68.   (8) 38 Cyc., p. 1693, n. 55.   (9) 9 C. J., p. 654, n. 41.   (10) 9 C. J., p. 654, n. 41; 17 C. J., p. 1042, n. 28.   (11) 2 C. J., p. 692, n. 16.

APPEAL from a judgment of the Superior Court of Los Angeles County. Paul J. McCormick, Judge. Affirmed.

The facts are stated in the opinion of the court.

Ira S. Lillick for Appellant.

W. G. Van Pelt and Loren O. Crenshaw for Respondent.

KNIGHT, J.—An appeal by plaintiff from a judgment rendered in favor of defendant, after verdict by a jury, in an action brought to recover the sum of $16,500, claimed to be due appellant as commission for the sale of the steamer

"Portland," belonging to the respondent, under a contract wherein a gross commission of five per cent of the purchase price was agreed upon. The contention of respondent upon the merits was and is that W. C. Lacombe, the admitted agent and representative of the appellant company, with whom the agreement with respondent for the sale of said steamer was made, and by whom the transaction with the purchaser thereof was conducted, had procured the contract calling for a five per cent commission through fraud in that he had falsely and fraudulently represented to respondent that he would be required, in any sale which he would consummate, to pay the purchaser or purchasers of said steamer a sum equal to three per cent of the purchase price, out of his commission; and that for that reason he would have to receive a commission equal to five per cent of the purchase price, otherwise he could not consummate said sale and would not undertake to do so. Respondent claims that relying upon such representations it agreed to make said sale and to pay said commission, which it otherwise would not have done.

This is the third time an appeal has been taken in this action. Juries in the two former trials found for the appellant, but the verdicts were set aside and new trials were granted by the trial court and the orders granting the same were, upon appeal, affirmed. The order granting the new trial following the first verdict was general in its terms, but upon appeal, when the question arose as to the ground upon which it was granted, it was held that whether said order was based upon the insufficiency of evidence or confusing instructions, the trial court had not abused its discretion in granting the same. (*American Marine Paint Co.* v. *Nyno Line*, 45 Cal. App. 1 [187 Pac. 71].) The order granting the retrial following the second verdict was made upon the express ground that the evidence was insufficient to sustain the verdict. Upon appeal it was again held that the trial court acted within its discretion in granting a new trial and that therefore the order appealed from should be and was affirmed. (*American Paint Co.* v. *Nyno Line*, 56 Cal. App. 331 [205 Pac. 45].) In this last trial the jury found a verdict for respondent, and judgment was entered accordingly. Appellant now seeks a reversal of said judgment upon the grounds that the instructions given to the jury were erro-

neous and that the evidence is insufficient to justify the
verdict. The evidence offered during this last trial was prac-
tically the same as that presented upon the preceding trial.

Briefly stated, it is to the effect that in January, 1916, the
"Portland" was on drydock near the city of New York, and
at the request of a representative of the president of the
respondent company, Lacombe agreed to interest himself in
the sale of said steamer for a commission equal to three
per cent of the sale price. A month later Lacombe opened
negotiations with one Aaby, the son and representative
of a Norwegian ship owner, which resulted in the making of
a tentative offer by Aaby for the purchase of said steamer
for $325,000, which included the payment of a commission to
Aaby out of the sale price. Lacombe forwarded the terms
of Aaby's offer, by telegram, to Will E. Keller, the president
of respondent company, who at that time was in California,
and regarding commissions stated "commissions five per cent
foreign buyers which makes additional commissions necessary
to close deal." Keller, in his reply telegram to Lacombe,
after setting forth the terms upon which he would sell the
vessel, stated: "Out of this will pay you eight thousand
dollars commissions." A few days later Lacombe wrote
Aaby a letter offering on behalf of Keller to sell the steamer
for a gross price of $325,000 and on the same day wrote him
another letter wherein he stated that upon final payment
for the vessel Aaby would receive a commission of one per
cent on the total purchase price. About the same time,
pursuant to a previous private arrangement between La-
combe and one Palmer, Lacombe agreed to pay Palmer one
per cent of the purchase price. Later, on the same day,
Lacombe sent a telegram to Keller reading: "Compelled to
allow buyers three per cent; cannot complete deal less five
per cent." Afterward, on the same day, February 29, Aaby
handed Lacombe a letter specifying more particularly the
terms of his offer and at the same time deposited with La-
combe a check for $25,000. Thereupon Lacombe immedi-
ately sent Keller a telegram embodying the terms of Aaby's
offer, but making no mention of the commissions. Lacombe
learned, for the first time, from the check and letter of
Aaby, that the Kerr Steamship Company of New York city,
and not Aaby's father, as he had previously supposed, was
the prospective purchaser. The contents of the telegrams

above mentioned are set forth in the opinion rendered upon the preceding appeal, making it unnecessary to again quote the same here. In order to avoid any misunderstanding about the matter Lacombe during the evening of that same day, February 29, 1916, telephoned to Keller at Los Angeles, the former being at the time in New York, and the terms of that conversation, over the telephone, apparently served as the vital factor in the case, and about the truth of which the parties are wholly disagreed. Regarding the discussion of commissions over the telephone Lacombe testified: "I asked Mr. Keller had he received my two telegrams. Mr. Keller replied that he had and said didn't I think the commission was rather stiff, and I told him 'No,' I had to have the amount stated in my telegram and I had other parties to take care of. Mr. Keller's remark to me over the phone was, 'Well, then go ahead and close it up.'" Lacombe's testimony is, to some extent, corroborated by Palmer, who was with Lacombe when the latter telephoned. Keller's version of the telephone conversation is different. He testified as follows: "He said he would have to allow the buyers three per cent or the trade would not go through; claimed he would have to have five per cent to put the trade through or it would not go. I objected to paying five per cent and told him I thought it was entirely too high. He said the trade would not go through unless he could allow the purchaser of the boat three per cent. I told him I was anxious to sell the boat, and if it was absolutely necessary to make the trade and he had to allow the buyers three per cent, to go ahead." Keller's testimony is in a measure supported by Aaby, who was also present with Lacombe when the latter telephoned from New York. Later Keller, at Lacombe's request made over the phone, confirmed by telegram the authority to sell the vessel, and regarding commissions, the telegram read: "We to pay you five per cent commission on three hundred and twenty five thousand dollars when remainder three hundred thousand is paid." The vessel was afterward delivered to the buyer and the purchase price was paid.

The court gave the following instruction to the jury, at the request of respondent: "In considering the evidence, you must treat the American Marine Paint Company, the plaintiff herein, and Mr. Lacombe, as one person, and if you

believe from the evidence that Mr. Lacombe in his telephone conversation with Mr. Keller led Mr. Keller to believe that he was receiving only 2%, and that others were receiving 3% of the purchase price, as a commission, then such statements are false and untrue for the evidence of Mr. Lacombe clearly shows that the plaintiff was receiving in excess of 2%."

[1] Appellant contends that the instruction contains an inaccurate statement of the effect of Lacombe's evidence, and was an invasion of the province of the jury in that it was an instruction upon a question of fact. There is no merit in either point. The statement of the effect of Lacombe's evidence is in full accord with the undisputed testimony given by him upon that point. As stated in the instructions, Lacombe and his employer, American Marine Paint Co., must be treated as one person, and Lacombe admits that out of the transaction his employer was to receive two per cent commission and he personally was to receive an additional one per cent, making a clear three per cent commission for "plaintiff," which in itself proves the falsity of Lacombe's representation that plaintiff was receiving only two per cent of the commissions, if in fact such representation was made. [2] True, the pronoun "he" was inaptly used in said instruction as referring to plaintiff, but we think the jury could not have been misled thereby in view of the fact that it has never been contended by anyone at any time that Lacombe represented that he personally was going to receive two per cent of the commissions. If, however, any confusion did arise therefrom, it was entirely dispelled by instruction No. XVIII, given at the request of respondent, which plainly stated to the jury the terms of the representation respondent claims was made by Lacombe; and, furthermore, the evidence upon this subject was perfectly clear. [3] In determining whether a jury has been properly instructed as to the law, the instructions taken as a whole must be considered (*Henderson* v. *Los Angeles Traction Co.*, 150 Cal. 689 [89 Pac. 976]; *Taylor* v. *Pacific Electric Co.*, 172 Cal. 638 [158 Pac. 119]) ; and questionable instructions are not ground for reversal where the rights of appellant are clearly stated to the jury in other instructions. (*Moore* v. *San Vicente Lumber Co.*, 175 Cal. 212 [165 Pac. 687].)

[4] Appellant also attacks instructions numbered XII and XXII upon the ground that said instructions contain an assumption of agency which is not supported by the evidence. In this respect appellant claims that the evidence shows that Lacombe was not vested with the discretion to fix the terms for the sale of said vessel and therefore was not an agent or broker for the respondent company, but was merely a middleman and as such owed no duty to respondent such as was described by the court in its instructions upon the question of fraud. We think it manifest from the evidence already narrated that not only was there an agency established, but one that imposed upon Lacombe the duty to act in the highest good faith toward the principal and precluded him from obtaining any advantage over his principal in any transaction by virtue of his agency. (*Calmon* v. *Sarraille,* 142 Cal. 638 [76 Pac. 486].) [5] The fact that he had no discretion to fix the price for the sale of the vessel did not relieve him from the responsibility of acting in good faith toward his principal. [6] The rights of the principal will not be changed nor the capacity of the agent enlarged by the fact that the agent is not invested with a discretion, but simply acts under an authority to purchase a particular article at a specified price or to sell a particular article at the market price (*Porter* v. *Woodruff,* 36 N. J. Eq. 180) ; nor does it matter whether or not his employment be called an agency. "Everyone—whether designated agent, trustee, servant or what not—who is under contract or other legal obligation to represent or act for another in any particular business or line of business or for any valuable purpose must be loyal and faithful to the interest of such other in respect to such business or purpose. He cannot lawfully serve or acquire any private interest of his own in opposition to it. This is a rule of common sense and honesty as well as of law. The agent is not entitled to avail himself of any advantage that his position may give him to profit beyond the agreed compensation for his services." (21 R. C. L., p. 825.)

[7] Appellant further complains that the instruction given by the court upon the question of fraud did not include all of the essential elements thereof, namely, that the misrepresentation must be upon a material point; that it was necessary to show that Lacombe knew that the representa-

tion was false when it was made; that there was an intent to deceive; that respondent had a right to rely on Lacombe's representations; and that the defendant suffered damage. It may be conceded that an instruction embodying those elements, except the last one, would have been proper; but the inclusion of those elements was not indispensable. [8] The instructions given did not contain a misdirection to the jury but rather an incomplete direction. In such case, an appellant is in no position to complain, when he has not asked for a more specific and explicit instruction. (*Rice* v. *Whitmore*, 74 Cal. 619 [5 Am. St. Rep. 479, 16 Pac. 501]; *Nichol* v. *Laumeister*, 102 Cal. 658 [36 Pac. 925]; *Peluso* v. *City Taxi Co.*, 41 Cal. App. 297 [182 Pac. 808].)

[9] We are also of the opinion that the evidence is sufficient to sustain the verdict in favor of respondent. The decision rendered upon the preceding appeal practically disposed of this question when it sustained the ruling of the trial court granting a new trial to respondent upon the sole ground of the insufficiency of the evidence, after the jury had rendered its verdict in favor of the appellant. It appears from the opinion there rendered that there were but two debatable questions of fact left open for the jury's determination, the first of which was whether or not Lacombe represented over the telephone that "he was compelled to allow the purchaser three per cent or the trade would not go through," and, secondly, as to whether the jury believed Keller's testimony that he relied upon such statement and that but for that reliance would not have agreed to pay the commission of five per cent which Lacombe insisted upon. The jury by its verdict resolved those questions of fact in favor of respondent and having done so its verdict must be accepted as controlling. The materiality of the representation is shown by Keller's testimony to the effect that had it not been for the representation he would not have made the contract for the payment of five per cent commission; such was the very basis of the contract, so far as these parties were concerned; the falsity of the representation was proved by the fact that Lacombe knew before he telephoned that the payment of the additional three per cent commission to the buyers was not necessary in order to make the sale; and the question of whether Lacombe intended to deceive respondent was one for the jury to pass upon from all the

evidence before it. The circumstances under which the contract was made, including the legal relationship of the parties, were ample to warrant respondent in relying upon the statements of Lacombe. [10] Proof of actual loss to respondent was not necessary in view of the agency established between the parties. [11] An agent will not be permitted to justify the violation of his trust and retain from his principal the fruits of his fraud upon the plea that the principal would not be damaged thereby. But if such proof be necessary, it is supplied by the fact that respondent would, in the event of appellant's recovery, have been deprived of an amount of money equal to three per cent of the purchase price of the vessel, which amount, not being paid to the purchaser, rightfully belonged to respondent.

Finding no prejudicial error in the record, the judgment is affirmed.

Tyler, P. J., and St. Sure, J., concurred.