[Civ. No. 20594. Second Dist., Div. One. Jan. 17, 1955.]

ERWIN HEISE, Appellant, v. IRMA HEISE MYRON, Respondent.

Kenny & Morris and Robert W. Kenny for Appellant.

Wallace & Wallace and W. W. Wallace for Respondent.

WHITE, P. J.—Plaintiff and defendant in this proceeding were formerly husband and wife. On April 7, 1951, a final decree of divorce was entered in favor of defendant and against plaintiff herein by the Superior Court of Los Angeles County. On March 22, 1950, the parties herein entered into a property settlement agreement. The agreement in question provided in part as follows:

"1. The parties hereto, and each of them, may live separate and apart from the other, free of all marital domination or interference on the part of the other, and each party hereto shall have the right to engage in such business or social activities as he or she shall desire without any interference of any nature or kind whatsoever on the part of the other party hereto.

"2. Each of the parties hereto agrees not to molest the other or to interfere with his or her social or business activities, directly or indirectly."

In the property settlement agreement plaintiff received as his sole and separate property, a lease on all of the second floor of a two-story building located at 1024 South Grand Avenue, Los Angeles, California, on a property known as the Grand Ballroom. The lease commenced October 1, 1950, and will expire September 30, 1955. Pearl Rose was the owner of the real property and the lessor in said lease.

In the division of the properties in accordance with the property settlement agreement, defendant herein was given the Colonial Ballroom, being a ballroom located at the south-

west corner of Venice Boulevard and Flower Street in the city of Los Angeles, California. Both plaintiff and defendant executed the necessary papers to transfer their respective properties, so that each held the property so received as separate property.

The lease on the Grand Ballroom which plaintiff received provided for a rental of $500 per month.

The foregoing assignment by defendant to plaintiff of the lease just referred to, contains the following language:

"This assignment is intended to and shall be construed to assign, transfer, and convey any and all interest therein which I have had, now have or may in the future claim to have as community property, joint tenancy, tenants in common, or otherwise; and this assignment shall entitle the assignee to any and all benefits to be derived from said lease or any options, extensions or renewals of the same."

In March, 1951, defendant herein entered into a lease of the Grand Ballroom with plaintiff's lessor for a period of five years to commence October 1, 1955 (the day following the expiration of plaintiff's lease), at a monthly rental of $600.

The present action was instituted by plaintiff to obtain a judgment declaring that defendant holds this last mentioned leasehold interest in the Grand Ballroom from October 1, 1955, to September 30, 1960, in trust for plaintiff.

By her answer defendant alleged in part that she entered into the lease now engaging our attention only after she had been informed by the lessor's agent that he had offered plaintiff a lease for five years to commence at the expiration, on September 30, 1955, of the existing lease, at an increase of $100 in the monthly rental. That plaintiff refused to enter into such a lease and that upon being so informed, defendant accepted the offer of the lessor's agent and did enter into a lease to commence at the expiration of the one then held by plaintiff.

The trial court found that it was only after plaintiff had refused to enter into a lease to commence at the expiration of the existing one, that defendant executed the lease here in controversy, and judgment was entered in her favor declaring that she does not hold said leasehold interest in trust for plaintiff. From this judgment plaintiff prosecutes this appeal.

Appellant first challenges the finding of the court that respondent entered into the new lease only after the former

had been offered such a lease and had refused the same. Appellant complains that the only basis for such finding is an ex parte affidavit by the lessor's agent which was filed in another action. In that regard it appears that before commencing the present action, appellant secured an order to show cause in the original divorce action in an attempt to compel respondent to deliver the controversial lease to appellant. In this proceeding many affidavits were filed, including the one by the lessor's agent substantiating respondent's contention that the lease had first been offered to appellant and that it was only after his refusal to accept the same that respondent executed the lease.

In the instant proceeding this entire superior court file was introduced into evidence by reference. Appellant had notice of the contents of the superior court record, and made no objection to its introduction into evidence. On the contrary, stipulated thereto. If he desired to controvert the evidence therein contained he had opportunity so to do. Having failed to object to the file being put into evidence, appellant cannot now complain of findings based in part upon the sworn statements made by witnesses in affidavits therein contained.

Appellant next contends that the fiduciary obligations of a cotenant and former spouse constituted respondent a trustee for him.

We cannot agree with appellant that at the time the new lease was executed, respondent was a cotenant with him. Contained in the property settlement agreement above mentioned was the following clause:

"This agreement is intended as and for a full, complete and final settlement, *extinguishment and termination of the personal rights and property rights of the parties hereto, or either of them, as regards the other.*" (Emphasis added.)

In respect to the old lease, whatever special position respondent occupied by virtue of which she owed a duty toward appellant as a partner was extinguished and terminated by the explicit language of the property settlement agreement and assignment made thereunder. Furthermore, there was testimony contained in the above mentioned superior court file, and introduced into evidence, that before the landlord. offered the new lease to respondent, she made a similar offer to appellant who rejected the same. The fact that appellant's original lease was in effect did not preclude the lessor from entering into a new lease to take effect upon the

expiration of the existing one. A landlord is not required to wait until a former lease has expired and the tenant has surrendered back to him the possession before he can make a valid lease of his property. (*Rice* v. *Whitmore,* 74 Cal. 619, 623 [16 P. 501, 5 Am.St.Rep. 479].)

Whatever fiduciary relation existed between the parties was terminated by the property settlement agreement which contained the following provision:

"Each of the parties hereto further agrees that they may engage in any trade, occupation, profession or business which he or she sees fit to engage in, and any earnings or profits or losses derived or resulting therefrom shall be for the sole benefit or responsibility of the party earning the same or sustaining the losses, and the other party hereto shall not be entitled to any benefit or be subject to any liability for losses therefrom."

The conclusion seems inescapable that the parties intended to and did effect a complete severance of their reciprocal marital obligations insofar as property rights or business activities were concerned. Each went his own way and dealt with his or her property as his or her own. Following execution of the property settlement agreement and delivery of the various assignments and documents therein provided for, each party conveyed to the other the respective properties they received, as recited in the assignment, ". . . all interest therein which I have had, now have or may in the future claim to have *as community property, joint tenancy, tenants in common, or otherwise*; and this assignment shall entitle the assignee to any and all benefits to be derived from said lease or any options, extensions or renewals of the same." (Emphasis added.)

Upon the execution of the foregoing documents, the fiduciary relationship was terminated, and it became a case of each party for himself.

For the foregoing reasons the judgment is affirmed.

Doran, J., and Drapeau, J., concurred.

A petition for a rehearing was denied February 14, 1955, and appellant's petition for a hearing by the Supreme Court was denied March 16, 1955. Carter, J., and Schauer, J., were of the opinion that the petition should be granted.