[Civ. No. 6682.   Fourth Dist.   Apr. 25, 1962.]

R. T. COLLIER et al., Plaintiffs and Respondents, v. HERBERT GREGG OELKE et al., Defendants and Appellants.

844

Mize, Larsh, Mize & Hubbard and Royal E. Hubbard for Defendants and Appellants.

Walker, Wright, Tyler & Ward, W. R. Drayton, Jr., and Don F. Tyler for Plaintiffs and Respondents.

SHEPARD, J.—This is an appeal by defendants from a judgment declaring plaintiffs' right to an easement for drainage pipe lines across defendants' land.

### FACTS

The facts are not in dispute. The parcels of land now owned by the parties to this action were, prior to January 21, 1911, part of a larger tract under single ownership. On that date said original owner deeded to the predecessor of the parties hereto the land now owned by these parties. By *mesne* conveyances the title ultimately passed to these parties. Contained in the original deed was the following provision: "Also reserving from said lands all roads and highways now existing thereon, and also a right of way for all roads, pipe lines, water conduits, power lines, telephone and telegraph lines, now on said property or that may hereafter be required by said parties of the first part."

By *mesne* conveyances plaintiffs became the owners of whatever rights were thus reserved and which were capable of transfer.

Plaintiffs, after acquiring their land, commenced horticultural improvements, notified the defendants of the necessity for placement of drainage pipe lines across defendants' land and defendants refused to permit plaintiffs to place said

drainage pipe lines across defendants' property. Defendants did not suggest any different routes than those proposed by plaintiffs. This action for declaratory relief and injunction ensued with judgment resulting for plaintiffs. Defendants appeal.

## EASEMENT IN GROSS

Commendably, counsel have, with directness and dispatch, addressed themselves to the only real point at issue, i.e., whether or not the reservation stated in the original deed was legally capable of transfer to plaintiffs and whether or not the language is sufficiently certain to be capable of enforcement.

Defendants first contend that the easement reserved in the deed is an easement in gross, that it is not assignable, and that plaintiffs cannot become the owners thereof by *mesne* conveyances. Sections of the Civil Code provide as follows:

*Section 1044:* "Property of any kind may be transferred, except as otherwise provided by this article."

*Section 654:* "The ownership of a thing is the right of one or more persons to possess and use it to the exclusion of others. In this code, the thing of which there may be ownership is called property."

*Section 802:* "The following land burdens, or servitudes upon land, may be granted and held, though not attached to land: . . . The right of way."

Statements from California cases settle the rule in California: "Under our code, property of every kind, except a mere possibility not coupled with an interest, may be transferred." (*Rice* v. *Whitmore*, 74 Cal. 619, 623 [16 P. 501, 5 Am.St.Rep. 479].)

"It is true that, at common law, servitudes merely *in gross* were not assignable, though this doctrine was so far looked on with disfavor that many nice distinctions were invented to limit it. But the Civil Code of this state has swept away both the rule and the distinctions. By sections 654 and 802 this class of servitudes is declared to be property; and by section 1044 every species of property, except a mere possibility not coupled with any interest, may be transferred." (*Fudickar* v. *East Riverside Irr. Dist.*, 109 Cal. 29, 37 [41 P. 1024].)

"Section 1072 of the Civil Code provides as follows: 'Words of inheritance or succession are not requisite to transfer a fee in real property.' This applies as well to the grant

of an easement. Section 1105 of the Civil Code provides: 'A fee simple title is presumed to be intended to pass by a grant of real property, unless it appears from the grant that a lesser estate was intended.' 'These provisions of the code were intended to change the common-law rule not only with respect to a transfer of the fee, but of all other estates in real property.' [Citation.] Section 1044 of the Civil Code provides: 'Property of any kind may be transferred, except as otherwise provided by this article,' and the only restriction upon such power of transfer is contained in section 1045 of the Civil Code: 'A mere possibility, not coupled with an interest, cannot be transferred.' ▮▮▮ It follows that the grantee of an easement by a conveyance containing words of grant without words of succession or inheritance is entitled to transfer to another the estate conveyed to him.'' (*Northwestern Pac. Railroad Co.* v. *Humboldt Milling Co.*, 186 Cal. 599, 601-602 [200 P. 9].)

▮▮▮ ''There seems to have been some question at common law as to the assignability of servitudes in gross, other than profits *a prendre*. [Citation.] But under our code, section 1044 of the Civil Code, such servitudes are assignable unless they are expressly or by necessary implication made personal to a particular individual.'' (*Callahan* v. *Martin*, 3 Cal.2d 110, 121 [3] [43 P.2d 788, 101 A.L.R. 871].)

''. . . It must, therefore, be construed as an easement in gross.

''By a deed executed in 1936, the land company granted to the respondent and others all of its rights to the easement in and over the property of Eva McCombs. Under this deed the respondent acquired a title to the right of way and is entitled to have that title quieted and to an injunction against any interference with her use of the northerly 30 feet of parcel G for road purposes.'' (*Elliott* v. *McCombs*, 17 Cal.2d 23, 32 [10-11] [109 P.2d 329].)

''An easement that is a servitude on land may pass by grant though it is not attached to land. (Civ. Code, § 802.) ▮▮▮ However, 'The extent of a servitude is determined by the terms of the grant, or the nature of the enjoyment by which it was acquired.' (Civ. Code, § 806.)'' (*Irvin* v. *Petitfils*, 44 Cal.App.2d 496, 499 [112 P.2d 688].) See also Ogden's California Real Property Law (1956) section 13.17(1), page 512; 2 Witkin, Summary of California Law (1960) section 195, page 1032.

▮▮▮ The statement contained in *Eastman* v. *Piper*, 68 Cal.

App. 554, 567 [229 P. 1002] to the effect that an easement in gross can neither be alienated nor passed by inheritance was a dicta comment by way of incidental recital and is not in accord with the settled principles of California law.

We are satisfied that the trial court followed the settled rule in California that an easement in gross is property and can be transferred.

### CERTAINTY OF DESCRIPTION

Defendant next contends that the words of the easement reservation, "or that may hereafter be required," are too vague, uncertain and indefinite to constitute the grant of an easement. With this we are unable to agree. Defendant makes no contention that the drainage pipe lines are not reasonably "required" for operation of plaintiffs' farming.

As was said in Ogden's California Real Property Law, section 13.13(2) page 509, "*As to extent of general grant.* It is not essential that a right of way be described by metes and bounds or otherwise specifically located, so long as the description of the *servient tenement* is sufficient.

Where a general right of way is granted or reserved, the owner of the servient tenement may in the first place designate a suitable route, and if he fails to do so, the owner of the dominant tenement may designate it. [Citation.] If the parties fail to agree, a court of equity has power to fix a location." (Italics ours.)

And in 17 California Jurisprudence 2d 115, "If the location of a right of way is not defined by the grant, a reasonably convenient and suitable way is presumed to be intended, for the right cannot be exercised over the whole of the servient estate. The owner of the servient tenement may designate a reasonable way, in the first instance, and if he fails to do so the owner of the dominant estate may designate it. In the latter event, the dominant tenant must select a route that is reasonable as to both parties in view of all the circumstances, one that will not unreasonably interfere with the servient tenant in the enjoyment of his estate. A court of equity has the power to fix a location, if the parties fail to agree on a location satisfactory to both, on proper application by either party." See also *Ballard* v. *Titus,* 157 Cal. 673, 683 [110 P. 118]; *Winslow* v. *City of Vallejo,* 148 Cal. 723, 725 [84 P. 191, 113 Am.St.Rep. 349, 7 Ann.Cas. 851, 5 L.R.A. N.S. 851]; *Coon* v. *Sonoma Magnesite Co.,* 182 Cal. 597, 599 [189 P. 271]; 110 A.L.R. 174, 180.

In the case at bar, the trial court decided the specific location of the drainage lines and defendants make no contention that the location was unreasonable. No other points are raised.

The judgment is affirmed.

Griffin, P. J., and Coughlin, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied June 20, 1962.